No. 10,672.

INDUSTRIAL COMMISSION, ET AL. *v.* GLOBE INDEMNITY CO., ET AL.

Decided July 2, 1923. Rehearing denied October 1, 1923.

Proceeding under the workmen's compensation act. Judgment against claimant in district court.

### Reversed.

1.  WORKMEN'S COMPENSATION—*Notice—Intent to Mislead.* Under the provisions of the workmen's compensation act of 1915, a failure

to give the notice required by section 62 of the act, will not bar the claim, if there is no intent to mislead, or the commission is not in fact misled, by such failure. This question, however, is one of fact to be determined by the commission.

2.    *Hospital, Surgical and Medical Expenses—Compensation.* Hospital, surgical and medical expenses paid for a claimant under the workmen's compensation act of 1915, is compensation, as that term is used in the last clause of section 62 of the act.

3.    *Hospital, Surgical and Medical Expenses—Payment.* An employer is required to pay hospital, surgical and medical expenses of an injured employe, under the provisions of the workmen's compensation act of 1915, only in cases in which he would be charged with the duty of paying other compensation.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, Mr. HARRY LEDDY, for plaintiffs in error.

Mr. D. L. WEBB, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission allowed compensation to Charles Walker. The district court reversed the commission, and the case is here on writ of error. The accident in question happened in December, 1916; the case therefore falls under the Act of 1915.

The claimant while engaged in his employment cut his lip on the edge of the flap of an envelope, and cancer developed. The slowness of the development prevented the notice required by section 62 of said act, but there was no intention to mislead, therefore the claim was not barred for failure to serve notice upon the commission within thirty days.

The last sentence of said section is as follows:    *   *   *
"If no such notice is given, and no payment of compensation has been made within one year from the date of the

accident, the right to compensation therefor shall be wholly barred."

No notice was given, and defendant in error claims that no compensation was paid within the year, but the employer within that time paid certain hospital, surgical, and medical expenses of the claimant, which plaintiff in error says is compensation under the act. With that we agree. Such payment is clearly within the meaning of the word compensation. See Webster, Century Dictionary, Words & Phrases, and the use of the word elsewhere in the Act; e. g., § 57 (1). This conclusion is strengthened by the fact that the Act of 1919, C. L. § 4458, expressly excepts such expenses and certain others from the payments of compensation which will prevent the bar.

The insurer claims that the employer is required by the Act of 1915 to pay these bills at all events, whether the employee is entitled to compensation or not. We do not agree with this theory. By the Act of 1915 the same conditions are required to charge the employer with the duty of paying such expenses as with the duty of paying any other compensation.

Reversed with directions to affirm the award of the commission.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.

*On Rehearing.*

MR. JUSTICE DENISON:

On motion for rehearing it is suggested that in making the statement in the opinion that there was no intention to mislead we overlooked the fact that the Commission had not found, as a fact, that there was no such intention, nor had it found as required by said section 62, that it was not in fact misled.

We think the point is well taken, but we think the final result of the case will be the same, because, under the evidence, we see no way in which the Commission could do

otherwise than so find.  However, that is for the Commission to say, not for us.  The only thing we can do is to order the district court to send the case back to the Commission, with directions to find whether there was intention to mislead, and whether it was in fact misled, and if there was such intention, or if the Commission was in fact misled, to dismiss the claim, otherwise to let its award stand affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.