No. 12,891.

INDUSTRIAL COMMISSION ET AL. *v.* LOCKARD.
(3 P. [2d] 416)

Decided September 21, 1931.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, Messrs. Yeaman, Gove & Huffman, for plaintiffs in error.

Mr. W. Penn Collins, Mr. J. H. Richard, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The Industrial Commission denied Richard O. Lockard compensation for an injury sustained while in the employ of the Victor American Fuel Company. The district court adjudged as follows: "That this said matter and claim be referred back to the said commission for hearing upon said claim of plaintiff, the commission therein to make detailed finding of facts as to the matter of said claim being barred or not, the jurisdiction of the commission as to said claim, and if the findings of the commission thereunder warrant, that then said commission fix and provide for and hold and have hearing upon the merits of said claim of plaintiff, and thereupon to act and award as the facts may be established before them in and by said hearing." The commission and the company seek a reversal of that judgment.

Lockard was injured on November 29, 1926. Nine days thereafter the company reported the accident to the commission, stating, among other things, that Lockard was

injured underground in the company's "Wadge" mine while performing services arising out of and in the course of his employment, and that the company employed the physician who attended him. On December 31, 1926, the company wrote the commission, stating that it did not feel that it was "fully" liable for compensation in the case, and requesting the commission to allow it "to suspend compensation payment until such time as a hearing can be held and the amount of the compensation which claimant is entitled to can be determined." No order was entered in compliance with the request. On May 10, 1929, Lockard filed a claim for compensation and a request for hearing thereon to determine the amount of compensation to which he was entitled. Instead of hearing the matter, or even setting it for hearing, the referee sent Lockard's claim to the company, and asked it to indicate within ten days whether it was willing to waive the statute of limitations. Upon receiving word that the company would not waive its rights under that statute, the referee, on May 21, 1929, without any hearing, denied the claim on the ground that the claim was not filed within six months after the injury. He notified Lockard's attorney of his action, and declared that "No hearing will, therefore, be held in the matter." In the latter part of April, 1930, Lockard's attorney attempted to have the commission grant a hearing. On June 6, 1930, the commission denied the application, holding that the claim was barred by the statute of limitations, and, therefore, that the commission was without jurisdiction to act. The commission, however, ordered as follows: "And this commission hereby retains jurisdiction of this claim until the same is finally and fully closed." On February 20, 1931, Lockard, through his present attorneys, filed a petition, setting out various alleged errors and other matters and requesting the reopening of the matter by the commission and an opportunity to be heard. Thereupon the company wrote to the commission asking that the petition be denied. On March 5 the commission

made an award denying the petition, stating: "In the above entitled cause, the commission of its own motion having again reviewed the entire file, including the further application for hearing filed herein, and being now fully advised in the premises, finds: That the award of this commission of June 6, 1930, is correct and should be affirmed as the final award of this commission. It is therefore ordered that the award of this commission, dated June 6, 1930, be, and the same hereby is, affirmed as the final award of this commission." A petition for review was filed by Lockard on March 9, and on March 28 the commission made an award. It held that as no petition for review from the award of June 6, 1930, was filed within ten days, the petition filed March 9, 1931, must be construed as a petition for the commission to reopen the case upon its own motion; that there was no showing of error, mistake or change in condition; and that the commission was "without jurisdiction to reopen the case upon its own motion." It affirmed the award of June 6, 1930. Thereupon Lockard brought suit in the district court to vacate the award and to have the case remanded to the commission for a hearing upon his claim.

1. The referee and the commission, from first to last, proceeded upon the supposition that as soon as it appeared that the claim was not filed within six months after the accident and that the company would not waive its rights under the statute of limitations, the commission lost jurisdiction over the proceedings. In his petition filed with the commission Lockard undertook to explain the delay in filing his claim, and the district court found from the record that Lockard was in a hospital 2½ years and that upon being released he filed his claim; but we need not discuss the merits of the excuse given.

The district court found, and the record sustains the finding, that within thirty days after the date of the accident "the company paid to, allowed and furnished compensation to plaintiff as and for compensation as to and upon said injuries, said compensation consisting in

medical services furnished plaintiff by said company."

Section 4458, C. L., as amended in 1923 (S. L. 1923, c. 201, p. 744), provides that the six-month limitation "shall not apply to any claimant to whom compensation has been paid." We have held that the payment by the employer of the medical expenses of the claimant.is the payment of compensation within the meaning of the statute. *Industrial Commission v. Globe Indemnity Co.,* 74 Colo. 52, 218 Pac. 910; *Royal Indemnity Co. v. Industrial Commission,* 88 Colo. 113, 293 Pac. 342.

In the circumstances, Lockard's delay in filing his claim did not, as held by the commission, deprive it of jurisdiction, and the referee should have proceeded with a hearing of the claim.

2. The commission's ruling of June 6, 1930, denying a hearing on the claim on the ground that the commission was without jurisdiction because the claim was barred by the statute of limitations, was erroneous and prejudicial. But it is said that Lockard cannot complain of that ruling because he did not, within ten days, file a petition for a review.

Assuming that Lockard lost his right to a review of that ruling, the commission had jurisdiction under section 4484 of the Compiled Laws to review the ruling upon its own motion on the ground of error, mistake or change in conditions. Under that provision, it was within the discretion of the commission to review or not to review, and its action, if taken in the exercise of that discretion, could not be set aside by a court except in case of fraud or a clear abuse of discretion. *Mantor v. Industrial Commission,* 89 Colo. 90, 299 Pac. 11; *State Compensation Insurance Fund v. Industrial Commission,* 80 Colo. 130, 249 Pac. 653.

On March 28, 1931, the commission made its last finding and award, holding that Lockard's petition of March 9, 1931, must be construed as a petition for the commission to reopen the case upon its own motion. If its refusal to reopen the case had been in the exercise of

its discretion, we could not interfere with its action. But such is not the case. The refusal was based upon an erroneous view of the law. Contrary to the commission's finding, the record did disclose prejudicial error in the proceedings, which error has been pointed out in this opinion—an error that deprived Lockard of his ''day in court;'' and, as we have seen, Lockard's failure to petition, within ten days, for a review of the ruling of June 6, 1930, did not deprive the commission of the power to review that ruling upon its own motion. Whether the commission, had it understood that it had such power and discretion, would have reviewed or refused to review the proceedings before it, we have no means of knowing. We do not have before us, and we express no opinion with reference to, the question whether a claimant can complain of the commission's refusal to entertain his petition calling attention to errors committed and requesting a review upon the commission's own motion. But where, as here, the commission does entertain such a petition and denies it, not in the exercise of its discretion, but because of the erroneous belief that the commission is without jurisdiction to review the case upon its own motion, we entertain no doubt of the claimant's right to a judicial review of such ruling. In this case Lockard was and is entitled to have the commission exercise its discretion in the matter.

The judgment is modified so as to remand the matter to the commission, with directions to determine, in the exercise of its discretion, whether or not to review the proceedings, and to make a ruling or award based upon such exercise of its discretion.

As so modified, the judgment is affirmed.

MR. JUSTICE CAMPBELL did not participate.