## No. 13,304.

### WINTEROTH *v.* INDUSTRIAL COMMISSION ET AL.
(22 P. [2d] 865)

Decided May 29, 1933.

Mr. HARRY C. GREEN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ON July 17, 1931, while employed by Western Steam

Laundry, William Winteroth sustained an accidental injury arising out of and in the course of his employment. The injury was a sprain or torn ligament in the left knee. The Industrial Commission found: ''That the claimant sustained an accident arising out of and in the course of his employment July 17, 1931, and left work upon that date. Temporary total disability terminated December 1, 1931, and the claimant has sustained a 25 per cent loss of the use of the left leg measured at the knee. His average weekly wages were $11.15.'' The award was that the respondents pay ''compensation to the claimant at the rate of $5.56 per week, from July 28, 1931, to November 30, 1931, both dates inclusive, as compensation for temporary disability, and 34.75 weeks thereafter as compensation for permanent disability and in full settlement of claim for compensation filed herein.''

■ 1. Winteroth's counsel contends that the findings are not sufficiently detailed to enable the court to determine whether or not the award is supported by the facts. The evidence is short and undisputed, and may be treated as the findings of fact and considered accordingly; therefore it is not necessary to remand the case for more detailed findings. *Prouse v. Industrial Commission*, 69 Colo. 382, 384, 194 Pac. 625.

■ 2. The award was made under section 73 of the Workmen's Compensation Act, being C. L. section 4447, as amended by Session Laws of 1929, c. 186, p. 655. It is said that the award should have been made under section 78 of the act, being C. L. section 4452, as amended by Session Laws of 1929, c. 186, p. 659. Section 73 as amended, provides: ''Section 73. In case an injury results in a loss set forth in the following schedule, the injured employe shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, to-wit: * * * Loss of a leg at or above the knee, where the stump remains sufficient to permit the use of an artificial limb, 139 weeks. * * * (f) Where an injury causes the loss of use or partial loss

of use of any member or members specified in the foregoing schedule, the Commission may determine the disability suffered and the amount of compensation to be awarded, by awarding compensation which shall bear such relation to the amount stated in the above schedule for the loss of a member or members as the disabilities bear to the loss produced by the injuries named in the schedule and such amount shall be in addition to compensation for temporary disability, *or* the Commission may award compensation under the permanent partial disability section of this statute as the Commission in its discretion may determine from the particular facts in each case.'' The commission found that Winteroth sustained a 25 per cent disability of the use of the left leg measured at the knee, and this finding is supported by the evidence. An award under section 78, which relates to permanent partial disability, could be supported only by a finding of the extent (in percentage) of general permanent disability, and there was no such finding and no evidence upon which such a finding could be based. It was proper to make the award under section 73. The award is supported by the findings, and the findings are supported by the evidence.

3. The assignment upon which Winteroth's counsel principally relies for reversal is that the trial court erred in refusing to enter an order requiring the commission to reopen the case so as to permit Winteroth to show that since the award his condition has grown worse. If Winteroth should call to the commission's attention the change in his condition, the commission, in the exercise of its discretion under section 4484, Compiled Laws, may, or may not, reopen the case upon its own motion. The trial court had no authority to order the reopening of the case; therefore its refusal to do so was not error. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416.

The judgment is affirmed.