No. 13,616.

POLLARD *v.* INDUSTRIAL COMMISSION ET AL.
(37 P. [2d] 1093)

Decided November 19, 1934.

Mr. HARRY C. GREEN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

JOHN B. Pollard prosecutes this writ of error to reverse a judgment affirming an award of the Industrial Commission refusing to reopen a case on its own motion.

Pollard worked for Chain O'Mines, incorporated. He claimed to have suffered, on December 15, 1929, an injury arising out of and in the course of his employment. He filed his claim May 5, 1930. On May 23, after a hearing, the referee found that the claimant had failed to prove any accident giving rise to the disability of which he complained, and denied the claim. The claimant did not file an application for review within ten days, but on July 7 he applied to the commission to reopen the case on its own motion, claiming that he had been physically unable to apply for a rehearing within the statutory time. In support of his application, he prepared a statement to be signed by Doctor Judson, attending physician at the Soldiers and Sailors Home; but the doctor struck out the statement prepared for his signature, and wrote, "There was nothing about his condition that would prevent him from filing an application for a rehearing of the above claim." Nevertheless, on July 28, the commission reopened the case for further testimony. Testimony was taken, and on February 27, 1931, the commission made a supplemental award finding that the claimant had failed to prove an accident giving rise to the disability which he claimed to have received. The claimant filed an application for a review of that supplemental award. On March 11, 1931, the commission made a further award as follows:

"In the above entitled cause, the Commission having reviewed the entire file, including the Application for Review filed herein, and being now fully advised in the premises, finds:

"That the award of this Commission, dated February 27, 1931, is correct and should be affirmed as the final Award of this Commission.

"It is, Therefore, Ordered: That the Award of this Commission, dated February 27, 1931, be, and the same

hereby is affirmed as the final Award of this Commission.''

No court review of this award was sought; but on August 18, the claimant wrote to the commission requesting it to reopen the case again, which the commission refused to do. On December 19, the commission made the following supplemental award:

''In the above entitled cause, the Commission having examined the entire file and acting in the discretion vested in it, by statute, refuses to reopen and reconsider this claim.

'' It is, Therefore, Ordered: That the claimant's application for the Commission to reopen and reconsider this claim as of its own motion, be, and the same hereby is denied.''

The claimant applied for a review of that award, which the commission denied December 29. The claimant thereupon brought suit in the district court. On September 6, that court affirmed the commission's award, and the claimant thereupon sued out this writ of error.

■ By neglecting to apply within ten days for a review of the referee's findings and award of May 23, 1930, the claimant lost his right to a review thereof under section 4471 of the Compiled Laws. Nevertheless, the commission, acting under section 4484, Id., did review such findings and award and reopened the case for further testimony which was taken accordingly, resulting in an order affirming the previous award. The claimant now complains of the refusal of the commission to review its award a second time of its own motion.

■ The power given to the commission to review an award of its own motion is discretionary, and the action of the commission will not be set aside by a court except in case of fraud or a clear abuse of discretion. *Mantor v. Industrial Commission,* 89 Colo. 90, 299 Pac. 11; *Industrial Commission v. Lockard,* 90 Colo. 333, 9 P. (2d) 286.

■ To justify a court in interfering with the action of the commission in refusing to review an award a sec-

ond time upon its own motion, the showing of fraud or of an abuse of discretion must be very clear indeed. There is no suggestion of fraud in the present case, and a careful examination of the record fails to reveal any abuse of discretion justifying interference by the court with the action of the commission. The district court held that there was no abuse of discretion, and we cannot say that such holding was erroneous.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.