## No. 13,735.

MOREY MERCANTILE COMPANY ET AL. *v.* FLYNT ET AL.
(47 P. [2d] 864)

Decided July 15, 1935.

Messrs. BARTELS, BLOOD & BANCROFT, Mr. ARTHUR H. LAWS, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

164

*In Department.*

Mr. Chief Justice Butler delivered the opinion of the court.

This writ of error is sued out by the Morey Mercantile Company, the employer, and Royal Indemnity Company, the insurance carrier, to review a judgment of the district court affirming an award by the Industrial Commission directing the payment of $100 to a doctor who attended William B. Flynt, an injured workman.

Flynt filed with the Industrial Commission a claim for compensation for injuries which he alleged were caused by an accident arising out of and in the course of his employment.

The Industrial Commission, affirming the findings of the referee, found that the claimant failed to establish accidental injury as defined by law. It also found that Doctor Bumpus, who attended the claimant, was justified in assuming, because of a letter written to him by the insurance carrier, that the treatment was authorized by the carrier. The commission ordered the employer and the insurance carrier to pay the doctor $100 for his services, and ordered "that the claim for compensation other than for Doctor Bumpus' bill, be denied, the claimant having failed to establish accidental injury as defined by law."

The title to the Workmen's Compensation Act is, "An Act to determine, define and prescribe the relations between employer and employe and providing for compensation and benefits to employes and their dependents for *accidental injury* to or death of employes," etc. (Italics are ours.) Injuries that are not accidental are not within the scope of the act, and afford no basis for compensation under the act. We have held that medical expense paid for a claimant under the Workmen's Compensation Act is compensation within the meaning of the act. *Industrial Commission v. Globe Indemnity Co.*, 74

Colo. 52, 218 Pac. 910; *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416. In the Globe case, supra, we said that an employer is required by the act to pay medical expenses only in cases in which he would be charged with the duty of paying other compensation. And in *Employers' Mutual Ins. Co. v. Industrial Commission,* 89 Colo. 475, 479, 3 P. (2d) 1079, we said: "The purpose of the act is to cast upon the particular industry the burden resulting from *accidental* injuries sustained by its employees while performing duties arising out of and in the course of their employment. It was not intended to compensate employees for injuries or illness not due to their employment; or to pay benefits to their dependents when death results from such injuries or illness; or to pay the medical, hospital, funeral or other expenses incurred by reason of such injuries, illness or death."

A claim for medical services rendered to an injured employee at the instance of the employer or an insurance carrier, in cases where the injury is not caused by accident arising out of and in the course of employment, may be enforced in an independent action, but cannot be allowed in a proceeding under our Workman's Compensation Act.

The judgment is reversed, and the cause is remanded with the direction to the district court to set aside the award of the Industrial Commission.

MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.