No. 14,938.

Industrial Commission et al. *v.* Kokel.
(116 P. [2d] 915)

Decided August 25, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. MORRY M. STERLING, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiffs in error.

Mr. EDWARD E. PRINGLE, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

ON September 11, 1936, the defendant in error Kokel, who was employed by the American Smelting & Refining Company in its Globe Smelting plant at Denver, sustained an injury compensable under the Workmen's Compensation Act. The employer acknowledged liability. The sums thereafter regularly awarded by the Industrial Commission for temporary total disability and for five per cent permanent disability were duly paid. The employee did not file any petition for review, but accepted the compensation without objection. The matter is now here for review of the district court's judgment reversing the commission's refusal to exercise its statutory discretion to reopen the case.

The employer's report had described the accident as follows: "Employee was wheeling a wheelbarrow full of acid cake out of acid cake bin No. 2. The wheel struck the edge of the steel wheelway causing the wheelbarrow to turn over, as it turned over the handle hit his left knee a hard blow causing him to fall which resulted in a contusion of left knee and some fluid in joint."

Careful checkups were made by three physicians, whose testimony, unimpeached, shows that the employee gave a history and complaint which supplied the basis both for the medical treatment and for the compensation claim, in perfect harmony with the commission's affirmative finding, made upon the thorough medical examinations and the other evidence adduced, namely, that the injury was an injury to the knee alone.

 Nearly three years after the award had been made, the employee asked the commission to reopen the case under that provision of the Workmen's Compensation Act which, after an employee's right to file a petition for review has ended, vests in the commission the sole right to reopen on the ground of "error, mistake or a change in conditions." '35 C.S.A., c. 97, §389. The commission declined to reopen.

Such reopening by the commission is a matter of sound discretion. In the absence of a showing that the commission has abused its discretion, refusal to reopen is not subject to control by the courts. In the present instance the employee had failed even to mention to the original attending physicians an alleged ankle injury upon which his requests for a reopening have been based. None of those physicians discovered any simultaneous injury to the ankle on the very leg examined by them shortly after the accident to the knee. The employee, in giving the history of the case, had originally made to the examining physicians a statement that alleged irregularities in the ankle, including a flat foot which they specially noticed, had existed many years before the accident; he said nothing to them about any injury or pain suffered in the ankle by or at the time of the accident under investigation. In other words, the history and examinations immediately after the accident pointed to a knee injury and not at all to an ankle injury. It is not reasonable to suppose that in the circumstances a new ankle injury could have escaped the observation of the original examining physicians or

existed without mention by the employee when the facts were fresh in his memory.

The original attitude of the employee — thus inconsistent with his later attitude — as well as the physical situation found by the original examining physicians coincides exactly with the history then given by the employee, and with the conclusions drawn from the contemporaneous inspections and examinations. The alleged ankle injury, which entered the case later, is utterly excluded as a matter of fact in view of the record itself. The reports of the later medical examinations, respectively accompanying the applications of November 8, 1939, and August 6, 1940, to reopen the case, are not of such a nature as to throw doubt upon the commission's original decision. There is no evidence of abuse of the commission's discretion. The district court ought to have so found and declined to interfere. Its judgment, directing the commission to take further evidence, is reversed, with directions to return the file to the commission for enforcement in due course.

The commission's use of the word "award", to designate its decision not to reopen the case under section 389 of chapter 97, '35 C.S.A., is not to be commended, since that word properly designates only a decision on the merits.

Judgment reversed with directions.

Mr. Justice Bakke, Mr. Justice Burke and Mr. Justice Hilliard concur.