No. 15,289.

KOKEL *v.* INDUSTRIAL COMMISSION ET AL.
(139 P. [2d] 259)

Decided June 1, 1943.

Mr. HARRY C. GREEN, for plaintiff in error.

Mr. ALIOUS ROCKETT, Mr. LOUIS SCHIFF, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS matter was before us on a former occasion as *Industrial Commission v. Kokel,* 108 Colo. 353, 116 P. (2d) 915. The details of the accident resulting in an injury to claimant's knee are set forth therein, and that opinion should be read in connection with this. Subsequent to that decision claimant has made four separate attempts to have the Industrial Commission reopen the case and enlarge the original award which granted him compensation based upon five per cent permanent disability. His last petition was denied June 16, 1942, and the final award of the commission affirmed and approved July 1, 1942. His subsequent suit in the district court of the City and County of Denver resulted in a judgment December 12, 1942, sustaining the action of the commission. The matter is now before us on writ of error.

Each petition to reopen was duly accompanied by examining physician's report of claimant's physical condition. Each report, with one exception, was by the same physician, whose last report, dated June 9, 1942, began as follows: "This is to certify that I examined Mr. Frank Kokel of Denver on October 6, 1940, on November 6, 1941, on December 2, 1941, on May 5, 1942, and on June 9, 1942, and on these dates found the following condi-

tion:" This report shows the muscles of the left foot and left leg, from the knee down, to be atrophic, and the nerves of the left leg from the knee down to be affected in a way such as would result from the injury "which Mr. Kokel informs me he sustained." Claimant's condition, as disclosed by the report, may be grouped under four headings: 1. "The inner half of the left foot and of the lower end of the left leg has lost almost all of its sensibility." 2. "The tarsal bones of the left foot greatly displaced and deformed so that walking must be difficult and painful." 3. "Chronic diffuse bronchitis and chronic pleurisy. To what extent the chest condition is consecutive of the injury cannot be determined at present." 4. "Absence of teeth." The report concludes: "It is evident that the injury sustained on September 11, 1936, at the American Smelting and Refining Company has caused the described condition of Mr. Kokel's left leg, knee and ankle. The patient is totally and permanently disabled at present. He will never be able to use his leg sufficiently to earn his own living. He is badly in need of medical attention. The X-ray pictures taken by the Drs. Newcomer two months after the accident show inflammation of the left knee joint and inflammation of all the tarsal joints of the left foot with exudates in all these joints. The swelling of the joints must have been a part of this swelling of the left leg from the knee down and of traumatic origin."

■ Apparently rule 18 of the commission's rules of procedure in force during the time claimant's petitions were filed provided: "Every applicant making application to reopen any compensation case is required to submit a report from some reputable physician, showing the physical condition of the applicant at the time the application is made and stating whether or not the same is due to the accident sustained. No case shall be reopened except by order of the Commission." Counsel now take the position that this report by a physician of claimant's condition clearly indicates that claimant is entitled to

an enlarged award; that it is uncontradicted and therefore constitutes conclusive evidence that must be accepted as true. We do not agree with either contention.

In the first place, the physician's report does not show that all of the conditions which go to make up the present total disability of claimant arise from the accident to his left knee that occurred in 1936 which occasioned this matter being brought before the commission, and more particularly conditions as set forth in points number 3 and 4. We sustained the finding of the commission in *Industrial Commission v. Kokel, supra,* that the condition of the left ankle was not a result of the accident in 1936, but was due to a previously existing malformation. This eliminates point No. 2 and leaves simply point No. 1, and under this heading the physician makes references to the fact that the inner half of the left foot and the lower half of the left leg has lost almost all of its sensibility, with no statement that this condition may not be due to the condition of the ankle and foot rather than to the injury of the knee resulting from the accident in 1936 other than what is based on his examination of the x-ray pictures by the Drs. Newcomer. He refers in his letter to the fact that these x-ray pictures were taken two months after the accident, whereas another physician made a report in November 1939 on behalf of claimant and refers to these x-rays by the Drs. Newcomer as having been taken some time during the year 1937. These x-rays had been commented upon by Dr. Henry W. Wilcox in his report dated November 8, 1939, which was a part of the record at the time this case was before us in 1941. We conclude therefore that the physician's report of June 9, 1942, from which we have quoted, when read in conjunction with our holding in *Industrial Commission v. Kokel, supra,* affords no definite basis for showing that the commission's original finding of five per cent permanent disability is not a proper one.

In the second place, we do not agree that the claim-

ant's physician's report is uncontradicted, as an examination of the record discloses reports of at least three competent physicians that do not agree with it. Under these circumstances, we believe the trial court was justified in sustaining the action of the commission.

▪ Section 389, chapter 97, '35 C.S.A. reads: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in this article and shall state its conclusions of facts and rulings of law, and shall immediately send to the parties a copy of the award. * * * *"

We have held that the commission's action in refusing to reopen and review a case cannot be set aside by the courts, except in case of fraud or a clear abuse of discretion. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416; *Pollard v. Industrial Commission,* 95 Colo. 572, 37 P. (2d) 1093; *Industrial Commission v. Kokel, supra.* No fraud is charged in this case and we find no evidence of same in the record; neither do we find any abuse of discretion. Under such circumstances courts are without authority to order a reopening or review of awards. *Winteroth v. Industrial Commission,* 93 Colo. 38, 22 P. (2d) 865.

▪ Counsel for claimant cites the case of *Rocky Mountain Fuel Company v. Canivez,* 96 Colo. 198, 40 P. (2d) 618, in support of his contention that the commission should state its reasons for refusing to reopen this case. We held in that case that where the commission does reopen a case and change or modify an award, then it is encumbent upon it to state its reasons for the change. But the commission is not obligated to state its reasons for refusal to reopen a case. *Industrial Commission v. Lockard,* 90 Colo. 333, 9 P. (2d) 286.

The judgment is accordingly affirmed.