No. 15,434.

BECKLEY *v.* INDUSTRIAL COMMISSION ET AL.
(146 P. [2d] 990)

Decided March 13, 1944.

Mr. DUANE O. LITTELL, Mr. WILLIAM L. BRANCH, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiff in error, the claimant, was injured February 26, 1937 in a mine explosion. This accident, arising out of and in the course of his employment, necessitated surgical and medical treatment and fourteen weeks hospitalization. The Industrial Commission awarded compensation for temporary total disability from February 26 to July 1, 1937, and for permanent partial disability of seven and one-half per cent as a working unit. In a subsequent hearing it awarded compensation from February 26 to December 1, 1937 for temporary total disability and for permanent partial disability of ten per cent as a working unit. November 28, 1941 and January 23, 1942 the commission refused to reopen claimant's case to determine whether there had been error, mistake or change in condition; but on April 16, 1942, acting upon claimant's third petition to reopen, the commission made a finding that "claimant's condition has grown worse and that his permanent partial disability has increased to 15% as a working unit." As a result of these awards claimant has received the sum of $4,174, of which $534 was for temporary total disability and $3,640 was for permanent partial disability. Later claimant filed another petition to reopen, which the commission denied on May 10, 1943. Claimant thereupon brought suit in the district court of the City and County of Denver to compel the commission to reopen the case. The court

upheld the action of the commission. Claimant has brought the case here on writ of error.

The commission's order of May 10, 1943, refusing to reopen the case, reads as follows:

"The Commission having reviewed the entire file and particularly claimant's petition with medical reports attached, and now being sufficiently advised in the premises, finds:

"That claimant was injured in an accident arising out of and in the course of his employment on February 26, 1937, his injuries consisting of a laceration of the left arm and the left side of the head, contusion of the left ear and shock. He was temporarily and totally disabled as a result thereof until July 1, 1937. As early as December 23, 1937, a neurologist appointed by this Commission to examine claimant found no evidence of injury to the nervous system, but found a 'moderate degree of psycho-neurosis characterized principally by anxious introspection.' Since that time, claimant has been examined by numerous physicians, mostly those specializing in neurology and psychiatry, upon whose statements the Commission has twice reopened this cause and increased claimant's degree of permanent partial disability to the extent that he has now received the maximum award for permanent partial disability.

"The Commission now declines for the fourth time to reopen and reconsider this claim for the reason that no medical examiner, including those whose testimony was offered or reports submitted by the claimant, finds any clinical pathology, he being described by his own physicians as a well built, well developed young man. Had any of these numerous physicians found any objective evidence of physical impairment, which could constitute a cause for his neurosis, the Commission's conclusion might be different. However, claimant's supposed total disability and his unwillingness to perform a normal life are the result of the state of mind, and the

Commission declines to foster such an attitude with further financial assistance.

"It is, therefore, ordered: That claimant's petition for the Commission to reopen and reconsider this cause on its own motion, be and the same is hereby denied."

■ The first specification of error is that the commission's order shows on its face that it applied an erroneous rule of law. Counsel for claimant argue that the third paragraph of the commission's ruling would indicate that disability from psychoneurosis without evidence of physical impairment caused by an accident is not compensable, and that this is not the law. Counsel for defendants in error argue that this construction is not tenable because the commission had already recognized in this very case that disability resulting from psychoneurosis caused by an accident, without objective evidence of physical impairment, is compensable. Counsel on both sides agree that there is no decision in this state holding that it is not compensable, and that the prevailing rule in other jurisdictions is that it is compensable. We have held that the commission need not state its reasons for refusing to reopen a case. *Industrial Commission v. Lockard,* 90 Colo. 333, 9 P. (2d) 286; *Kokel v. Industrial Commission,* 111 Colo. 188, 139 P. (2d) 259. In view of both the foregoing and the facts later set forth, we do not believe the commission's comments are open to the interpretation placed on them by counsel for claimant.

■ The second and remaining specification of error is based upon the alleged abuse of discretion of the commission in refusing to reopen the case. The record contains the reports or testimony of thirteen physicians, not all however bearing on the subject of psychoneurosis. A number of the physicians were of the opinion that the claimant is suffering from psychoneurosis, either brought about or greatly aggravated by the accident. Reports of five physicians, which supplemented claimant's latest petition, expressed in varying degrees

of assurance the belief that claimant is still totally disabled. The testimony of three others, although concurring in the opinion that the accident had precipitated or greatly intensified claimant's neurotic condition, did not agree that there was permanent total disability. One physician indicated skepticism as to whether the accident had any bearing on claimant's psychoneurotic condition. The testimony of all who touched on the question of psychoneurosis agreed that claimant's physical condition would be vastly improved if he would engage in some gainful employment. The record discloses that claimant has made a number of attempts to obtain work, but there is evidence that he has not been able to continue work except for short intervals. The principal disagreement between the physicians seems to be on the question as to whether or not claimant has made sufficiently serious efforts to remain at work after he has secured employment. The reports of the doctors submitted with the fourth petition to reopen the claim would indicate that they believe claimant's failure to stay on the job is not his fault, and that he was not able to continue work. Some of the other physicians by their testimony indicate doubt on this point. With this situation, we believe that we would not be justified in holding that the commission abused its discretion in refusing to reopen the case. We have held that the commission's action in refusing to reopen and reconsider a claim in a workmen's compensation case should not be set aside by the courts, except in case of fraud or a clear abuse of discretion. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416; *Pollard v. Industrial Commission,* 95 Colo. 572, 37 P. (2d) 1093; *Industrial Commission v. Kokel,* 108 Colo. 353, 116 P. (2d) 915.

Judgment affirmed.