## No. 21105.

WILLIE M. HOOVER *v.* INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(397 P.2d 223)

Decided December 14, 1964.

148

Victor E. DeMouth and Bailey Belfor, for plaintiff in error.

Harold C. Thompson, Alious Rocket, Fred B. Dudley, for State Compensation Insurance Fund and Nicoll Brothers Oil Company.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Sutton.

PLAINTIFF in error, Hoover, seeks relief by writ of error from a judgment of the District Court which affirmed the action of the Industrial Commission and its referee in refusing to reopen, on petition a second time, his claim for alleged further disability on the ground of error, mistake or change of condition since the matter was last adjudicated. We shall refer to plaintiff in error as Hoover or claimant.

The record discloses that Hoover suffered a severe non-compensable injury to his arm and head, as a youth, in 1945. On August 21, 1959, during the course of his employment he injured his back while changing a tire on a car. This second accident was followed by many treatments by various doctors, by two surgical operations; and, prior to this dispute, by blackouts and radiating body pains. He first was awarded 5% total disability which was later increased by 2½% when his case was reopened for the first time, giving him a total of 7½%. His present petition is supported by a medical report of Dr. R. Robert Cohen, a neuro-psychiatrist, who, during the course of a hearing on the petition to reopen, testified that claimant was then suffering from a hysterical illness known as a post-traumatic conversion reaction which, in his opinion, arose out of the 1959 accident. It appears that the condition complained of is temporarily totally disabling. Other evidence before the Commission was a report and testimony of Dr. Charles A. Rymer.

It is claimant's view that there is no basic conflict in the evidence presented by the two doctors and that claimant therefore made out a prima facie case entitling him to a reopening since no evidence to the contrary was presented.

Defendants in error resist reopening the matter. They assert that no fraud or abuse of discretion was charged or shown.

■ There are two methods to secure review of an Industrial Commission award or decision viz: (1) By

way of a petition for review filed by a claimant (C.R.S. '63, 81-14-6); and (2), When the Industrial Commission, on its own motion, reopens a matter on the ground of error, mistake or change of condition after a notice of hearing to the interested parties (C.R.S. '63, 81-14-19). See *Tyler v. Hagerman,* 88 Colo. 60, 291 Pac. 1033 (1930).

 The instant controversy was before the Commission under the second category, whereby claimant sought to have the Commission itself reopen the matter. Under such circumstances, the problem of making a prima facie showing and thereby shifting the burden of proof to the defendants, as happened in *Havens v. Industrial Commission,* 136 Colo. 111, 314 P.2d 698 (1957), relied on by claimant, does not arise. In fact, in this type of case, the discretion of the Commission, in the absence of fraud or a clear abuse of discretion, has been held to be absolute. *Winteroth v. Industrial Commission,* 93 Colo. 38, 22 P.2d 865 (1933); *Lockard v. Industrial Commission,* 91 Colo. 212, 13 P.2d 1117 (1932); *Kokel v. Industrial Commission,* 111 Colo. 188, 139 P.2d 259 (1943); also see *Pollard v. Industrial Commission,* 95 Colo. 572, 37 P.2d 1093 (1934).

██ Claimant also takes issue with the referee's Findings of Fact in his Supplemental Order of September 20, 1962. In our view the conflicting evidence before the referee supports the Order, but even if the evidence did not support the denial, no error occurred because this type of reopening, being jurisdictional, no findings were required [see *Maryland Casualty Company v. Kravig,* 153 Colo. 282, 385 P.2d 669 (1963)]. Only if the petition were granted would specific findings as to the particular error, mistake or change of condition be mandatory.

██ The burden to establish error, mistake or change of condition, to the reasonable satisfaction of the Commission, obviously was not met here. Claimant was

properly denied relief and no abuse of discretion occurred.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.