Mr. Justice McWilliams
delivered the opinion of the Court.
On June 14, 1962 Zurek suffered injuries to his jaw and teeth as the result of an industrial accident arising out of and in the course of his employment by the Gates Rubber Company. For these injuries Zurek received from his employer the sum of $3,282.25 for temporary total disability.
As concerns permanent partial disability, Zurek’s employer filed a special admission of liability “on account of permanent partial disability consisting of 3% as a working unit.” Thereafter, then, the additional sum of $2,076.47 was paid Zurek for such permanent partial disability.
On January 7, 1965 Zurek filed with the Industrial Commission a petition to reopen his claim, attaching to *323 his petition a letter from a psychiatrist. This particular petition was denied by the Commission on February 9, 1965. No judicial review of this order of the Commission was sought.
However, on September 7, 1965 Zurek filed a second petition to reopen his claim, alleging as he did in his first petition that his physical condition had worsened. Zurek attached to this petition another letter from the same psychiatrist who wrote the supporting letter for Zurek’s first petition.
A hearing was then held on this second petition to reopen, at which time both Zurek and the psychiatrist testified. The gist of the psychiatrist’s testimony was that Zurek was then suffering from a posttraumatic reaction which was temporarily totally disabling. This witness went on to- testify that with psychotherapy Zurek’s disability in this regard would greatly diminish so that in time he would get over his disability completely.
The referee denied Zurek’s second petition to reopen. In his findings, the referee found, among many other things, that Zurek “failed to sustain the burden of disclosing that there had been a change in his physical condition which was unknown during the treatment following his admitted injury, and .... further failed to establish that there was a worsening of his condition as related to his industrial accident.” The Industrial Commission thereafter approved, affirmed and adopted the determination thus made by its referee.
Zurek then sought and obtained judicial review of the action of the Commission. The trial court, however, entered judgment affirming the action of the Commission and by this writ of error Zurek seeks reversal of the judgment thus entered.
Zurek, in essence, contends that this controversy is governed by Cain v. Industrial Commission, 136 Colo. 227, 315 P.2d 823; whereas, his employer contends that the judgment should be affirmed under our hold *324 ing in Hoover v. Industrial Commission, 156 Colo. 147, 397 P.2d 223. In our view the Hoover case is dispositive of the instant matter. In fact the instant case is virtually on all fours with the Hoover case.
Perhaps the main similarity between the Hoover case and the instant one is that in each the same psychiatrist, in support of the petition to reopen, testified that the claimant was then suffering a “posttraumatic conversion reaction” which was temporarily totally disabling. We shall not point out with greater particularity the rather striking parallel between the Hoover case and the instant one, as an examination of our opinion in the Hoover case will at once disclose the fact. In the Hoover case we noted that in passing upon a petition to reopen a workmen’s compensation matter “the discretion of the Commission, in the absence of fraud or a clear abuse of discretion, has been held to be absolute.” In the instant case there is no suggestion of any fraud and, as in the Hoover case, we find no “clear abuse” of discretion on the part of the Commission.
In the Hoover case, as in the instant one, complaint was also made that certain of the referee’s findings did not find support in the record as made before the referee. In this regard, we said in the Hoover case that “this type of reopening, being jurisdictional, no findings were required.” So, even if it be determined that certain of the findings of the referee in the instant case were not supported by the record, such determination under the circumstances would not justify a reversal of the judgment entered by the trial court.
The chief reason why we are of the view that the Cain case has no application here is that in the Cain case the Commission did expressly grant the petition to reopen; whereas, in the instant case the Industrial Commission did not grant the petition to reopen, but on the contrary denied it.
The judgment is affirmed.
Mr. Chief Justice Moore not participating.