553 P.2d 399 (1976)
CITY OF LITTLETON and State Compensation Insurance Fund, Petitioners,
v.
Frederick M. SCHUM and Industrial Commission of Colorado, Respondents.
No. 76-099.
Colorado Court of Appeals, Div. III.
July 8, 1976.
*400 Francis L. Bury, William J. Baum, R. S. Ferguson, Denver, for petitioners.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, John Kezer, Asst. Attys. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
No appearance for respondent Frederick M. Schum.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is a review of a final order of the Industrial Commission which awarded *401 claimant compensation for medical expenses incurred for inoculations he secured after his exposure to infectious hepatitis. We set aside the order.
Claimant Schum is employed as a fireman by the City of Littleton. In December 1974 a co-employee was hospitalized with infectious hepatitis. Although the infected fireman did not work the same shift as claimant, the firemen working separate shifts used the same beds, the same dishes, and the same gas masks. There was no evidence that claimant used the same bed or gas mask as the infected co-worker; however there was evidence that claimant told his doctor that he had been exposed to the disease at a banquet. As a precautionary measure, claimant, his wife and their three children were all inoculated with gamma globulin. He did not contract the disease, but claims reimbursement for the cost of the inoculations.
The referee determined that the contraction of a disease through exposure in the course of employment is an accidental injury within the meaning of the Workmen's Compensation Act, and, further, that there was no distinction between the preventive measure taken here and remedial measures necessary following an accidental injury or contraction of a disease. He concluded that claimant was exposed to the disease in the scope and course of his employment, and ordered the employer and its insurer to pay the costs of the inoculations. The Commission affirmed and adopted the referee's order as the order of the Commission.
Littleton and its insurer contend that claimant sustained no accident or injury, and contracted no occupational disease, and therefore is entitled to no benefits. The Commission, on the other hand, asserts that infectious hepatitis is an occupational disease and that exposure to it is an injury or accident for which compensation is payable.
The Commission cites and relies on sections of the Workmen's Compensation Act as amended by the 1975 General Assembly. However, those amendments are not applicable here. The events giving rise to the claim, and the filing of the claim, all took place prior to September 1, 1975, the effective date of the 1975 amendments. Since the amendments do not provide for retroactive application, the statute as it existed prior thereto controls. Section 2-4-303, C.R.S.1973. City of Westminster v. Hyland Hills Metro. Park & Rec. Dist., Colo., 550 P.2d 337 (1976).
The award was erroneous because: 1) Infectious hepatitis is not an occupational disease as defined in the statute, and 2) mere exposure to a disease does not warrant an award of benefits.
For an unlisted disease to be an "occupational disease" under the Act, all of the following conditions must exist: There must be a direct causal connection between the conditions under which the work was performed and the occupational disease; the disease must follow as a natural incident of the work and as a result of the exposure occasioned by the employment; and the disease must not result from a hazard to which the employee would have been equally exposed outside of the employment. Section 8-60-110(1)(a), C.R.S.1973; Gates Rubber Co. v. Tice, 124 Colo. 595, 239 P.2d 611.
Here, at least one of these conditions is not fulfilled. Exposure to infectious hepatitis is not indigenous solely to the work of firemen, but exists equally outside of that employment, as evidenced here by claimant's advising his doctor that he was exposed at a banquet.
Further, even if the subject disease were to be considered an occupational disease, compensation would not be warranted here. Under §§ 8-60-105 and 109(1), C. R.S.1973, an employee is entitled to compensation for disablement occurring as the result of an occupational disease. The claimant did not incur or contract the disease, and suffered no disablement as defined in § 8-60-102(6), C.R.S.1973, i. e., *402 "becoming physically incapacitated by reason of an occupational disease." Where there is no disablement there can be no compensation. Romero v. Standard Metals Corp., 29 Colo.App. 455, 485 P.2d 927.
Finally, even though exposure to disease might be considered an accident under the Workmen's Compensation Act, the mere happening of an accident does not give rise to a right to benefits. Benefits flow only to a workman who has suffered a disabling injury as a result of the accident. City of Boulder v. Payne, 162 Colo. 345, 426 P.2d 194. See § 8-51-101(1), C.R.S.1973. Such benefits are based upon loss or impairment of the earning power of the workman and are designed for protection against actual loss of earnings as a result of the injury. Ice v. Industrial Commission, 120 Colo. 144, 207 P.2d 963. Also, an employer is required to pay medical expenses only in cases in which he would be charged with the duty of paying other compensation under the Act. Morey Mercantile Co. v. Flynt, 97 Colo. 163, 47 P.2d 864.
Since in this case there was no disease or injury and no disablement or loss of earnings or earning power resulting from the exposure, and since the statute does not provide for compensation for preventive measures, the award must be set aside. "The statute is plain, and the commission may not disregard it, and thereby impose upon the employer or insurance carrier, a burden greater than that fixed by statute." John Thompson Grocery Stores Co. v. Industrial Commission, 85 Colo. 576, 277 P. 789. We would also note that in no event would the employer be liable under the Workmen's Compensation Act for the medical expenses of the employee's family. See § 8-60-105, C.R.S. 1973.
The order is set aside and the cause remanded to the Industrial Commission with directions to dismiss the claim.
BERMAN and KELLY, JJ., concur.