**James F. WALLACE, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Empire Gas Corporation, and American Home Insurance Company, Respondents.**

No. 80CA0270.

Colorado Court of Appeals,
Div. II.

Feb. 13, 1981.

Rehearing Denied March 12, 1981.

Certiorari Denied May 26, 1981.

Douglas R. Phillips, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.

Greengard, Blackman & Senter, Lawrence D. Blackman, Tama L. Levine, Denver, for respondents Empire Gas Corp. and American Home Ins. Co.

BERMAN, Judge.

In this workmen's compensation case, claimant seeks review of an Industrial Commission order denying his permanent disability claim. We affirm.

On March 2, 1976, claimant sustained injuries in an employment-related traffic accident. Respondent insurance carrier filed a Special Admission of Liability for the time claimant missed from work, and voluntarily made temporary total disability payments.

Claimant contested the Special Admission of Liability, and a hearing, at which claimant appeared pro se, was held on January 24, 1977. Based upon claimant's hearing testimony and the medical reports, the hearing officer entered an order approving the Special Admission of Liability, and de-

nying claimant's permanent disability claim. No administrative appeal was taken from that order.

On July 29, 1977, claimant filed a petition to re-open his claim on the basis of changed physical condition. That petition was ultimately denied by the Industrial Commission's order here at issue.

## I.

■ On this review, claimant argues first that he was denied due process of law in that his fundamental rights were violated at the initial hearing held on January 24, 1977. In particular, claimant insists that he was not advised of his right to cross-examine witnesses, that he was not informed that it was advisable for him to have counsel, and that the hearing record is substantively deficient in that evidence indispensable to the disability issue was not before the hearing officer.

The question in the first instance, however, is whether claimant's first argument is properly before this Court. Section 8–53–106(3), C.R.S. 1973, provides in part that "Every petition for review ... must be filed within fifteen days of any referee's ... order ..., and unless so filed, said order or award shall be final." Section 8–53–107, C.R.S. 1973, provides in part that "No action, proceeding, or suit to set aside, vacate, or amend any finding, order, or award of the commission ... shall be brought unless the plaintiff shall have first applied to the commission for a review as provided in section 8–53–106." Section 8–53–107 applies to petitions for review filed in the Court of Appeals. *Carver v. Industrial Commission*, 40 Colo.App. 126, 570 P.2d 256 (1977).

In the instant case, claimant failed to seek, within the statutorily prescribed fifteen-day period, administrative review of the order entered pursuant to the January 24, 1977, hearing. That failure deprives this Court of jurisdiction to consider the merits of claimant's first argument. Section 8–53–106(3) and 8–53–107, *supra; Carver, supra.*

## II.

■ Claimant next asks this Court to order his case reopened on the basis of mistake or error premised upon the same grounds cited in Part I. of this opinion. To support his request, claimant raises a variety of arguments. Claimant's request, however, overlooks the essential nature of the decision to reopen *vel non.*

Section 8–53–119, C.R.S. 1973 (1979 Cum. Supp.), which, *inter alia*, lists the bases upon which a workmen's compensation case *may* be reopened, is purely permissive and vests *broad* discretion to reopen or not to reopen a case in the Director of the Division of Labor, subject to review by the Commission. *See Hoover v. Industrial Commission*, 156 Colo. 147, 397 P.2d 223 (1964) (decided under C.R.S. 1963, 81–14–6, the analogous predecessor to § 8–53–119); *see also Cantu v. Bestway Building Centers*, 494 P.2d 844 (Colo.App.1972) (not selected for official publication). Under the circumstances here, where we perceive no "clear abuse of discretion," this Court has no authority to order a reopening. *Hoover, supra; see also Winteroth v. Industrial Commission*, 93 Colo. 38, 22 P.2d 865 (1933) (decided, like *Hoover*, under a statutory ancestor of § 8–53–119).

Order affirmed.

SMITH and VAN CISE, JJ., concur.