AMERICAN EXPRESS and Commercial Union Insurance Company, Petitioners,

v.

INDUSTRIAL COMMISSION of the State of Colorado; John Hoffert; and Director, Division of Labor, Department of Labor and Employment, Respondents.

No. 84CA1358.

Colorado Court of Appeals, Div. I.

Nov. 14, 1985.

Clifton & Lavinder, P.C., James R. Clifton, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Div. of Labor.

Douglas R. Phillips, Denver, for respondent John Hoffert.

PIERCE, Judge.

American Express (employer) and Commercial Union Insurance Company (insurer) seek review of an order of the Industrial Commission which held that two orders issued by the referee were interlocutory and, therefore, not reviewable under § 8-53-114(2), C.R.S. (1985 Cum.Supp.). We set the order aside.

John Hoffert (claimant) worked for the employer in its Denver office. In September 1982, he was dispatched to Columbia, South Carolina, on business. While returning to his Columbia hotel from an outing he was assaulted and suffered serious injuries.

On December 9, 1982, the insurer admitted liability for claimant's injuries, and the matter was set for a hearing on benefits. However, at the August 9, 1983, hearing, the insurer moved to withdraw the admission of liability based on "newly discovered evidence" indicating that claimant was not within the scope of his employment when attacked. The hearing officer continued the matter and indicated that the admission could be withdrawn if the insurer could prove that claimant had fraudulently induced the admission.

A second hearing was set for November 15, 1983, to consider the insurer's motion to withdraw its admission, whether claimant was within the scope of employment, and benefits. Evidence was presented concerning claimant's actions on the night of the attack, as well as claimant's representations to the insurer. At the close of the hearing, the insurer moved for an order referring the matter to the Industrial Commission of South Carolina for purposes of taking the testimony of additional witnesses. The insurer represented that these witnesses were essential to its defenses. Claimant objected to further delay.

On December 8, 1983, the referee entered an order denying the motion for transfer on the grounds that it would cause unwarranted delay. However, she did authorize the insurer to depose the witnesses in South Carolina. The taking of depositions was conditioned on the insurer paying expenses incurred by claimant's attorney in attending the depositions. Further, the transcripts of depositions were to be filed by February 29, 1984.

On December 23, 1983, the insurer filed a petition for review by the Industrial Commission of the foregoing order. The insurer contended that the referee had abused her discretion and exceeded her authority by requiring it to pay the expenses of claimant's attorney.

Meanwhile, the depositions were taken and filed. Then, on June 14, 1984, the referee entered a second order. She found that claimant had not defrauded the insurer and, therefore, denied the motion to withdraw the admission of liability. Further, she stated that claimant was within the scope of employment when the assault occurred. Finally, she ordered the insurer to pay claimant's medical expenses (which the insurer had stopped paying) and reserved determination of all other issues.

On June 28, 1984, the insurer filed a petition seeking review by the Industrial Commission of the June 14 order. The petition cited alleged errors in the factual findings and legal conclusions.

On November 8, 1984, the Commission entered an order dismissing both of the insurer's petitions without prejudice. It held that the referee's orders were interlocutory under § 8–53–114(2) because they did not require the payment of a penalty or benefits. The Commission stated that "benefits," as the term is used in § 8–53–114(2), means workmen's compensation industrial disability benefits, not medical benefits.

### I.

The insurer first contends that the Commission erred in dismissing the petition to review the June 14 order. It argues that the Commission was incorrect in distinguishing between "compensation disability benefits" and "medical benefits" in interpreting the word "benefits" in § 8–53–114(2). We agree with the insurer.

The finality of an order for purposes of filing a petition to review is governed by § 8–53–114(2), C.R.S. (1985 Cum.Supp.). *In re Claim of Raisch v. Industrial Commission,* 690 P.2d 1290 (Colo.App.1984). Section 8–53–114(2) provides that: "A petition to review may be filed on any order which requires any party to pay a penalty or benefits or denies a claimant any benefits."

■ In *Morey Mercantile Co. v. Flynt,* 97 Colo. 163, 47 P.2d 864 (1935), our supreme court noted that payment of medical expenses constitutes the payment of "compensation" under the act. More recently, the court stated that the terms "compensation" and "benefits" are frequently used interchangeably within the act, and therefore, no great significance should be placed on the distinction. *Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985). Consequently, we conclude that an order to pay medical benefits, as provided in § 8–49–101(1)(a), C.R.S. (1985 Cum.Supp.), is an order to pay benefits within the meaning of § 8–53–114(2).

Claimant argues that regardless of the interpretation given to the word "benefits," we should affirm the Commission because § 8–53–114, C.R.S. (1985 Cum.Supp.) applies only to appeals within the administrative framework, not to proceedings for review in this court. He contends that this court's jurisdiction to review Commission orders is subject to the general principles of finality contained in C.A.R. 1, that the June 14 order was not final under these principles, and that *Raisch* was wrongly decided. Claimant is incorrect.

Section 8–53–114(1) provides that: "Any order ... is final unless a petition to review or appeal is filed in accordance with this article." Section 8–53–114(2) specifies that a petition to review may be filed on any "order" requiring the payment of benefits. An "order" as defined by § 8–41–102, C.R.S., "means and includes ... any decision ... of the commission."

■ Because the aforementioned sections define a final Commission order, they trigger the provisions governing appeal to this court. Failure to seek timely review of a final Commission order, as defined in § 8–53–114(1) would be a fatal jurisdictional defect. Sections 8–53–111(8) and 8–53–119(3), C.R.S. (1985 Cum.Supp.); *Newman v. McKinley Oil Field Service,* 696 P.2d 238 (Colo.1984). It is "after the filing of the petition for review in the court of appeals" that the action is governed by the appellate rules. Section 8–53–119(3); *see* C.A.R. 3.1.

## II.

The insurer next contends that the Commission erred in dismissing its petition to review the December 8 order because it required the payment of a "penalty." While we conclude that the December 8 order was not final when entered, we hold that it was reviewable as incident to the June 14 order.

■ We agree with the Commission that the word "penalty," as used in § 8–53–114(2), is a "term of art." The word applies to statutory sanctions which may be imposed on a party for failure to obey orders of the Commission or take required procedural steps.

The foregoing definition may be gleaned from § 8–53–116, C.R.S. (1985 Cum.Supp.), permitting the imposition of fines for various acts "for which no penalty has been specifically provided." A number of statutory sections give examples of specific penalties; they include: § 8–44–107(1), C.R.S. (1985 Cum.Supp.) (50% penalty on uninsured employer); § 8–45–102(1), C.R.S. (1985 Cum.Supp.) (penalty on claimant for failing to notify employer of injury); § 8–53–102(2), C.R.S. (1985 Cum.Supp.) (penalty on employer for failure timely to admit or deny liability). That these statutory provisions impose "penalties" is confirmed by the case law. *See Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984); *Industrial Commission v. Riley,* 653 P.2d 723 (Colo.1982); *Romero v. Industrial Commission,* 632 P.2d 1052 (Colo.App. 1981).

■ Based on the foregoing definition, it is apparent that the referee's December 8 order did not impose a "penalty." The order did not mandate the payment of a sum of money for violation of a Commission order or for failure to carry out a statutorily mandated procedure.

Even if the order had constituted a penalty, it did not *require* the insurer to pay. In fact, the insurer was given the choice of

taking depositions and paying the attorney fees, or paying nothing and foregoing the depositions.

■ Nevertheless, the order of June 14, 1984, was, as we have held, a final order. The December 8, 1983, order concerned proceedings incident to the June order, and it was therefore reviewable simultaneously with the June order. Section 8–53–111(1), C.R.S. (1985 Cum.Supp.); *cf. Wallace v. Industrial Commission*, 629 P.2d 1091 (Colo.App.1981) (claimant was required to file petition to review all issues arising from referee's order within the statutory time limit or be barred from raising those issues). Thus, it was error for the Commission to decline review of the December 8 order when presented in conjunction with the petition to review the final order of June 14.

The order of the Commission is set aside. The cause is remanded to the Commission to consider the merits of the petitions to review.

KELLY and BABCOCK, JJ., concur.