**ISLAND CREEK COAL COMPANY, Appellant,**

v.

**Robert Thomas BROWDER, James R. Yocom, Commissioner of Labor and Custodian of the Special Fund, and Workmen's Compensation Board, Appellee.**

Court of Appeals of Kentucky.

April 14, 1978.

Larry L. Johnson, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for Special Fund and Yocom.

Dick Adams, Adams & Massamore, Madisonville, for appellee Browder.

Before HOWERTON, LESTER and WHITE, JJ.

LESTER, Judge.

This appeal involves only the question of the percentage of apportionment required by KRS 342.316(13)(a), between the Special Fund and Island Creek Coal Company, a Delaware Corporation, for the disability caused by the occupational disease of Robert Thomas Browder.

The Workmen's Compensation Board found Browder had contracted coal worker's pneumoconiosis due to his work as a coal miner, which resulted in his total and permanent disability as of June 3, 1975, the last day of his employment. In 1965, West Kentucky Coal Company, a New Jersey Corporation, merged with Island Creek Coal Company, a Maine Corporation, to become Island Creek Coal Company which incorporated in Delaware. Since Browder began with West Kentucky in 1935, the merger caused him to finish his employment with Island Creek. The Board regarded the merger as creating multiple employers for the purposes of apportionment in KRS 342.-316(13)(a) and thus apportioned liability for compensation seventy-five percent to the Special Fund and twenty-five percent to the employer instead of sixty percent to the employer and forty percent to the Special Fund as in the case of single employment. The circuit court reversed and required apportionment as if Browder had only had one employer. We affirm the circuit court.

The merger agreement of this foreign corporation recites that Island Creek Coal Company succeeded to all assets and liabilities of Island Creek of Maine and West Kentucky of New Jersey. We believe the responsibility of compensation for the disability of Island Creek's employees was one of the liabilities incurred as a consequence of the merger. The transaction of merger did not affect the day to day operation of the mine which went on as usual with the attendant hazards. KRS 342.316(13)(a) provides for a lesser contribution by the employer for disability where it cannot be conclusively shown that the employee's occupational disease stemmed from labor for that employer. The statute did not contemplate placing the increased burden on the Special Fund due to a corporate combination which has no relation to the continuing employment of the claimant with the original corporation and its successor.

The judgment is affirmed.

All concur.