**KENTLAND–ELKHORN COAL CORPORATION, Movant,**

v.

**Agee SLONE et al., Respondents.**

Supreme Court of Kentucky.

May 13, 1980.

John H. Baird, Baird & Baird, Pikeville, for movant.

Gary C. Johnson, Pikeville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Donald Camp-

bell, Director, Workmen's Compensation Board, Frankfort, for respondents.

STERNBERG, Justice.

The Workmen's Compensation Board found Agee Slone totally disabled on November 13, 1978, and apportioned the award 20% to Kentland-Elkhorn Coal Corporation, 40% to the Special Fund, and 40% to the coal miners' pneumoconiosis fund. The Special Fund appealed to the Pike Circuit Court, which affirmed the Board. The Special Fund then appealed to the Court of Appeals, which reversed on June 29, 1979. The Court of Appeals ordered Kentland to pay 35%, the Special Fund to pay 25%, and the pneumoconiosis fund to pay 40% of the award. This case is before this court on discretionary review, which was granted on November 13, 1979.

The sole issue before this court is whether or not the finding by the Court of Appeals that the claimant worked for one employer within the meaning of KRS 342.317(4)(a) is correct. KRS 342.317 is titled coal miners' pneumoconiosis fund, the pertinent parts of which are (4)(a) and (b), which provide:

"(4) Disbursements from the fund shall be made by the state treasurer upon the warrant of the secretary of the department for finance and administration when liability therefor shall have been established as follows:

(a) If the claimant has been exposed to the hazard of such occupational disease in the employment of only one (1) employer, the award of compensation for disability or death due to such disease shall be paid in the following proportions from the following sources: (1) Fifty percent (50%) by the employer; (2) twenty-five percent (25%) by the special fund; and (3) twenty-five percent (25%) by the coal miners' pneumoconiosis fund created by this section.

(b) If the claimant has been exposed to the hazard of such occupational disease in the employment of more than one em-

ployer, the award of compensation for disability or death due to such disease shall be paid in the following proportions from the following sources: (1) Twenty percent (20%) by the employers; (2) forty percent (40%) by the special fund; and (3) forty percent (40%) by the coal miners' pneumoconiosis fund created by this section."

In 1946 the Berwind-White Coal Mining Company, through its wholly-owned subsidiary, Kentland Coal and Coke Company, owned the land where Kentland-Elkhorn Coal Corporation is presently mining. On August 15, 1946, Kentland Coal and Coke Company leased the property to Kentland-Elkhorn Coal Company, which was also a wholly-owned subsidiary of Berwind-White. This is how the property remained until March 31, 1961, when Norfolk and Western Railway Company, through its subsidiary Pocahontas Land Corporation, bought the operation from Berwind-White. On April 1, 1961, Pocahontas Land Corporation set up Kentland-Elkhorn Coal Corporation to run the operation, and at the same time Berwind-White dissolved Kentland-Elkhorn Coal Company. It is significant to note that Kentland-Elkhorn Coal Company and Kentland-Elkhorn Coal Corporation have separate charters, different names, and entirely different directors and stockholders. As of February 1, 1966, the Pittston Company had purchased all of the capital stock of Kentland-Elkhorn Coal Corporation from Pocahontas Land Corporation. In this sale there was no change in corporate structure; it was merely a transfer of stock.

The claimant, Agee Slone, began working for Kentland-Elkhorn Coal Company in about 1947. His employment terminated on July 24, 1976, by reason of coal worker's pneumoconiosis. At that time he was employed by Kentland-Elkhorn Coal Corporation. It seems clear from the record that Agee Slone continued to work at the same mine during his entire employment. However, it is equally clear that that mine changed all incidents of ownership on April

1, 1961, when Kentland-Elkhorn Coal Company was sold and Kentland-Elkhorn Coal Corporation was established.

The appellee relies on the case of *Island Creek Coal Company v. Browder*, Ky.App., 584 S.W.2d 592 (1978). This case deals with a merger situation and states:

" * * * The transaction of merger did not affect the day to day operation of the mine which went on as usual with the attendant hazards. KRS 342.316(13)(a) provides for a lesser contribution by the employer for disability where it cannot be conclusively shown that the employee's occupational disease stemmed from labor for that employer. The statute did not contemplate placing the increased burden on the Special Fund due to a corporate combination which has no relation to the continuing employment of the claimant with the original corporation and its successor."

Even if the day-to-day operation of the mine as concerned Agee Slone did not change, that is not what is controlling. The controlling issue in this case is whether or not there was more than one employer. The *Browder* case, supra, involved a situation in which two companies merged and formed a new company. The employees continued to work for the same employer which had merely changed its form. That is clearly distinguishable from the situation we have in the instant case. The original company was completely bought out by another company and a successor company was set up to run the mine. There was no continuity between the two companies other than the fact that they had both mined the same land. It is, therefore, the opinion of this court that Agee Slone worked for two employers within the meaning of KRS 342.317(4)(b).

The decision of the Court of Appeals is reversed, and the judgment of the Pike Circuit Court is affirmed.

All concur.