ISLAND CREEK COAL COMPANY, Appellant,

v.

Forrest NEWSOME, Coal Miner's Pneumoconiosis Fund, Special Fund and Workmen's Compensation Board, Appellees,

Court of Appeals of Kentucky.

Nov. 14, 1980.

Mitchell D. Kinner, Francis, Kazee & Francis, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellee, Forrest Newsome.

Denis S. Kline, Gemma Harding, Dept. of Labor, Louisville, for appellee, Special Fund.

Before HAYES, C. J., and GANT and BREETZ, JJ.

GANT, Judge.

Appellant employer appeals from a judgment of the Floyd Circuit Court which affirmed the finding of the Workmen's Compensation Board that the claimant for pneumoconiosis benefits had been exposed to the hazard while in the employment of only one employer. The appellant contends that this finding is not substantiated by the evidence. We agree.

Claimant filed his Form 11, setting out that he worked for Inland Steel Company from 1940 to 1966 and for Island Creek Coal Company from 1966 to January, 1979. The only evidence pertaining to the relationship

between these two companies was the testimony of the claimant himself, which consisted of the following:

Q. How many different places did you work during that time?

A. Two companies. One bought the other. Island Creek bought Inland Steel out.

\* \* \* \* \* \*

Q. On your Form 11, you list Island Creek Coal Company from January, 1966 to January 31, 1979, and Inland Steel from May 15, 1940 to 1966. Is this all the same operation, was it a purchase–type thing.

A. It was the same operation. Inland Steel sold all their *holdings* out to Island Creek, and Island Creek took the men over, the whole thing.

\* \* \* \* \* \*

Q. These two coal companies are two different operations, aren't they.

A. I don't think they ever affiliated with each other in any way.

The Workmen's Compensation Board, in its holding that there was only one employer, relied on the case of *Island Creek Coal Co. v. Browder*, Ky.App., 584 S.W.2d 592 (1978), but that reliance is erroneous. *Browder* involved a case of merger, in which the employer remained the same but in a new form. The Board and the lower court were obviously led astray by the language of that case indicating that the test was whether the day–to–day operation of the mine changed, as perceived by the employee. This theory was laid to rest by the Supreme Court of Kentucky in *Kentland–Elkhorn Coal Corp. v. Slone*, Ky., 599 S.W.2d 914, 916 (1980), when the court stated:

Even if the day–to–day operation of the mine as concerned [the employee] did not change, that is not what is controlling. The controlling issue in this case is whether or not there was more than one employer.

There was no proof presented in this record that there had been a merger between Inland Steel and Island Creek. If the Special Fund seeks to apply *Browder*, it was incumbent upon it to introduce evidence which would make that case applicable. The case before us is distinguishable from *Slone, supra*, as there was no evidence that one corporation had acquired the capital stock of another. The employer herein actually presented no proof concerning the transaction, as it should have, but the only evidence of probative value was that Island Creek had purchased the holdings, i. e., the leases and equipment, of Inland Steel, and that they were not affiliated in any way.

This is clearly the situation envisioned by KRS 342.317(4)(b), the exposure to the hazard while in the employment of more than one employer.

Accordingly, the judgment herein is reversed and the case remanded to the lower court, with direction to remand this case to the Workmen's Compensation Board for apportionment of the award of 20% to the employer, 40% to the Special Fund and 40% to the Coal Miner's Pneumoconiosis Fund.

All concur.