No. 12,788.

Mantor *v.* Industrial Commission et al.

(299 Pac. 11)

Decided May 11, 1931.

Mr. Harry C. Green, for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, Mr. Wm. E. Hutton, Mr. J. P. Nordlund, for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

The Industrial Commission denied Charles Mantor's petition to reopen a compensation award. The district

court upheld the action of the commission, and Mantor seeks a reversal of the judgment.

The Stearns-Rogers Manufacturing Company was the employer; London Guarantee and Accident Company, Limited, was the insurance carrier.

On May 27, 1925, Mantor was injured in an accident arising out of and in the course of his employment. In October, 1925, the matter was heard, and the referee found that there was a temporary partial disability, which would end November 19, 1925, and that there was a permanent disability consisting of 10 per cent loss of use of the left foot measured at the ankle. Payment of compensation was ordered on that basis. Upon review, the commission, on November 25, 1925, affirmed the award. No appeal therefrom was taken. On February 3, 1926, Mantor applied for a further hearing to determine his disability at that time. A hearing was had, and, at the referee's request, Dr. Struthers examined Mantor. The doctor reported that he believed the pain complained of by Mantor was due to the extreme flattening of the foot, and that he considered Mantor as having ''a 10 per cent permanent disability from this cause.'' The referee, on March 25, 1926, found that Mantor had returned to work on January 20, 1926; and, construing the doctor's report to mean 10 per cent disability as a working unit, found accordingly and awarded compensation in the sum of $1,029.60, less compensation theretofore paid. Learning from the doctor that by his report he meant, not 10 per cent disability as a working unit, but 10 per cent loss of the use of the foot at the ankle, the referee, on April 5, 1926, without advance notice to Mantor, cancelled the award of March 25, and ordered payment of a less compensation on the latter basis. On April 14, 1926, pursuant to notice to all the interested parties, an order was entered setting the case for further hearing ''to cross-examine Dr. Struthers, and such evidence as may be offered herein by either party.'' Pursuant to the notice, Mantor and his attorney were pres-

ent at the hearing. They made no objection thereto. His attorney cross-examined the doctor at length, and Mantor testified as to his condition. On June 22, 1926, upon notice to all the parties, there was another hearing. Pursuant to the notice, Mantor and his attorney were present. They made no objection to the hearing. Dr. Spicer, called by the referee, was examined by the referee and cross-examined by Mantor himself. Mantor testified as to his condition. On July 24, 1926, the referee found that temporary disability terminated March 1, 1926, and that the claimant had sustained a 15 per cent loss of the use of the left foot measured at the ankle joint. An award was entered in accordance with the findings. No appeal from this award was taken; and on October 18, 1926, Mantor was notified by the referee that, no application for a review having been filed within the time required by law, the award of July 24, 1926, had become final. Mantor was paid, and he accepted without objection, so far as the record shows, the full amount awarded. On August 19, 1930, more than four years after the award of July 24, 1926, Mantor filed an application to have the commission, on its own motion, reopen the case on the ground of error, mistake and change in conditions. On August 25, 1930, the commission denied the application. Mantor applied for a review, and on September 6, 1930, the commission affirmed the award of August 25 as its final award. Thereupon Mantor brought suit in the district court.

■■ Section 4471 of the Compiled Laws permits any person dissatisfied with the finding and award of the referee to petition the commission to review the finding and award, and provides that unless such petition is filed within ten days after the finding and award, or within the period of any extension of time that may be granted, the finding and award of the referee shall be considered as the final finding and award of the commission. Not having availed himself of the provisions of this section, Mantor relies upon section 4484 of the Compiled Laws,

which is as follows: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in this act, and shall state its conclusions of facts and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid." That section permits, but does not require, the commission, upon its own motion, to review any award and make a new award, where the commission discovers that there was an error or a mistake in the former award or a change of conditions since the former award. Action under this section is discretionary with the commission, and the action of the commission cannot be set aside by a court except in case of fraud or a clear abuse of discretion. Fraud is not claimed, and the record in this case does not disclose any such abuse of discretion as would warrant interference by a court. The referee, of course, should have notified the parties of his misconstruction of Dr. Struthers' report, and should not have attempted to correct his findings without a full hearing upon notice to the parties. But later there were two full hearings, upon due notice, and Mantor and his attorney were present and, without objection, participated therein. At those hearings Mantor was accorded, and exercised, all of the privileges that he could have exercised had he received notice of the referee's misconstruction of Dr. Struthers' report, and had attended a hearing on the question of the correction of the referee's findings. In the circumstances, Mantor cannot complain of lack of notice. With full knowledge of the situation, Mantor accepted full payment of the award, making no objection thereto, so far as the record discloses.

The judgment is affirmed.

MR. JUSTICE HILLIARD did not participate.