## No. 13,096.

LOCKARD *v.* INDUSTRIAL COMMISSION ET AL.
(13 P. [2d] 1117)

Decided June 20, 1932. Rehearing denied September 12, 1932.

Mr. W. PENN COLLINS, Mr. J. H. RICHARD, Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Arthur L. Olson, Assistant, Messrs. Yeaman, Gove & Huffman, for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

The case has been here twice before. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416; *Industrial Commission v. Lockard,* 90 Colo. 333, 9 P. (2d) 286. The facts sufficiently appear in those decisions.

On the first review the district court was directed to require the commission to determine, in the exercise of its discretion, whether on its own motion it would reopen the proceeding, and to make a ruling based thereon. §4484, C. L. 1921. By such command the commission did examine the record, and in the exercise of its discretion refused to reopen and reconsider the matter, and so recorded its conclusion. On complaint to that end the district court directed the commission to make "findings, and set forth with reasonable certainty the facts, conditions and circumstances which moved it, in the exercise of its discretion, to refuse to reopen the case." That order of the district court led to the second review here. We concluded that unless from the record proper, on which the commission had based its refusal to reopen the case, it appeared that the action of the commission was the result of fraud or clear abuse of discretion, the order of the commission refusing to reopen the case should have been affirmed by the district court, and ordered reversal.

In the light of our second opinion the district court examined the record on which the commission had based its refusal to reopen the case, and finding that neither fraud nor abuse of discretion appeared, ordered affirmance of the commission's action. Error is assigned, but we perceive none. Before the case reached this court

the first time the record was in such condition that the sole reliance of the plaintiff in error rested in the discretionary power of the commission to reopen the case on its own motion. In harmony with judicial fairness we required the commission to exercise its discretion, but we could not order its findings. Only fraud or abuse of discretion, here to be ascertained only from an examination of the record, and none appears, would have justified the district court in making an order other than was made; and the rule precludes us as well. *Mantor v. Industrial Commission*, 89 Colo. 90, 299 Pac. 11. Let the judgment be affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.