## No. 13,302.

### LOCKARD v. INDUSTRIAL COMMISSION ET AL.
#### (25 P. [2d] 182)

Decided August 2, 1933.   Rehearing denied September 18, 1933.

Mr. W. PENN COLLINS, Mr. J. E. RICHARD, Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Messrs. YEAMAN, GOVE & HUFFMAN, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as plaintiff and defendants in error as the commission and the company respectively.

Plaintiff, who claimed an injury resulting from an accident arising out of and in the course of his employment by the company, November 29, 1926, first filed with the commission his claim for compensation about two and one-half years thereafter. The cause has been before this court three times. Its story is told in those opinions and further details here would be superfluous. *Industrial Commission v. Lockard,* 89 Colo. 428, 3 P. (2d) 416; *Industrial Commission v. Lockard,* 90 Colo. 333, 9 P. (2d) 286; *Lockard v. Industrial Commission,* 91 Colo. 212, 13 P. (2d) 1117.

Finally, on October 21, 1932, plaintiff again filed with the commission a document entitled, "Claim for Subsequent and Progressive Disabilities," in which he says that subsequent to said accident and his original claim "Other disabilities than those embodied in or referred to in said claim made and filed for the original disability of said accident, arose, and for which said other disabilities no claim has heretofore been filed or made, and said other disabilities became apparent and developed and grew out of said accident and arose and resulted therefrom subsequent to said claim as to the original injuries from said accident, and said subsequent disabilities were also progressive in their development and still continue in progressive development."

Then follows an apparent attempt to describe these disabilities. On this claim the commission entered its

supplemental award refusing plaintiff relief, and this it confirmed on plaintiff's petition for review. Thereupon plaintiff appealed to the district court. The commission answered setting forth the complete files and record from the beginning, and the company demurred on seven grounds, among which were want of facts and ambiguity. The demurrer was sustained, plaintiff elected to stand, and judgment was entered confirming the award of the commission. To review that judgment plaintiff prosecutes this writ.

■ ■ Despite some technical objections to this record it is all searched by the demurrer, and since we take judicial notice of the history of this litigation as disclosed by the records of our own court and the three opinions above referred to, the entire matter is before us and requires little comment. In fact how it can legitimately be here, in the light of this record and those decisions, is still a mystery which neither plaintiff's claim of October 21, 1932, his complaint in the district court, nor the brief of his counsel here filed, serve us in solving. Both claim and complaint are ambiguous and deficient in facts, but the record is clear. Among other things the commission found: "Any claim for subsequent and progressive disability must be based upon the original claim and a petition for consideration of subsequent and progressive disabilities can only be, in the last analysis, a petition for the commission to reopen the case as of its own motion and reconsider the entire claim." This the commission declined to do. Therein it was right, and in that position it was sustained by the last decision of this court above cited. This last claim should never have been filed, nor a review of it sought in the district court, nor this writ sued out. This litigation is ended.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.