No. 14,961.

INDUSTRIAL COMMISSION ET AL. *v.* MASON ET AL.

(117 P. [2d] 821)

Decided September 15, 1941.   Rehearing denied October 6, 1941.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, Mr. HENRY L. STARK, Assistant, Mr. LANSFORD F. BUTLER, for plaintiffs in error.

346

Mr. G. H. Bradfield, Mr. G. E. Bradfield, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This is a workmen's compensation case in which the Industrial Commission awarded compensation to plaintiff in error Elizabeth Bell Finn, as the widow of a deceased workman, killed while employed in a coal mine on land owned by defendant in error Mason, part of which was leased for mining purposes to defendant in error Walter Casselman and by him to his son Walter A. Casselman. No compensation insurance was carried by any of them. The claim was handled in the usual course before the referee, except that defendants in error were not represented by counsel before him.

Subsequent to the approval of the referee's award by the commission, defendants in error employed counsel who, after further investigation of the facts and circumstances, filed with the commission a petition to reopen the case and grant a rehearing. The petition was supported by affidavits relating to relevant facts and circumstances said not to have been developed or presented at the hearing before the referee. This petition was denied. In an action for review instituted by defendants in error it was found and adjudged that on important points the evidence in support thereof was insufficient and, moreover, that defendants in error had been "denied unjustly the opportunity to present evidence to the commission * * *, and therefore have not had their day in court." The case was remanded to the commission for further proceedings.

In our view and regardless of whether the showing before the commission was sufficient to warrant its findings, upon which we are without opinion, we think the peculiar circumstances appearing justified the trial court

in ordering the commission to open the case for further proceedings, the procedure we think the commission itself should have followed upon the presentation of defendants' petition for the review while the matter was originally pending there. The unusual circumstances attendant further require, in our opinion, that the order of remand by the trial court should direct the commission to reopen the case generally with leave to all parties in interest to present testimony as advised. It follows that the judgment, to be broadened as directed, is affirmed.