M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> M<small>OORE</small>; M<small>R</small>. J<small>USTICE</small> S<small>UTTON</small> and M<small>R</small>. J<small>USTICE</small> K<small>ELLEY</small> concur.

No. 22797.

I<small>NDUSTRIAL</small> C<small>OMMISSION</small> <small>OF</small> C<small>OLORADO</small>, F<small>ORRY</small> C<small>ONSTRUC-</small>
<small>TION</small> C<small>OMPANY</small>, <small>AND</small> S<small>TATE</small> C<small>OMPENSATION</small> I<small>NSURANCE</small>
F<small>UND</small> *v.* D<small>UANE</small> D<small>OUGLAS</small> C<small>UTSHALL</small>.
(433 P.2d 765)

Decided November 20, 1967.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for plaintiff in error, Industrial Commission of Colorado.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for plaintiffs in error, Forry Construction Company and State Compensation Insurance Fund.

SIDNEY H. TELLIS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS is an action brought by writ of error to review a judgment of the District Court of the City and County of Denver reversing an order of the Industrial Commission of Colorado. The defendant in error was the plaintiff in the court below. The plaintiffs in error were defendants below.

The plaintiff in error, Industrial Commission of Colorado, will be referred to as the Commission; plaintiff in error, Forry Construction Company, will be referred to as Employer; plaintiff in error, State Compensation Insurance Fund, will be referred to as Fund; defendant in error, Duane Douglas Cutshall, will be referred to as Cutshall.

Cutshall was employed by Forry as a brick mason. While laying brick in the course of his employment on June 26, 1964, he sustained an injury and subsequently filed his claim with the Commission.

A hearing was held before a referee who determined that Cutshall was injured in an accident arising out of and in the course of his employment. At this hearing and at all proceedings thereafter, Cutshall was represented by counsel. Application for review of this order by the Commission was made by the Fund and the Employer.

The Commission thereupon entered an "award" setting aside the referee's order and dismissed the claim. Various petitions for review were filed, and determinations made by the Commission, which resulted in a final order of the Commission denying compensation. No review of this order was ever sought in the district court.

Some ten months later this Court announced two decisions (*Industrial Comm. v. Milka,* 159 Colo. 114, 410 P.2d 181, and *Plummer v. State Compensation Ins. Fund,* 159 Colo. 122, 410 P.2d 185) which led Cutshall to believe that the Commission had decided his case erroneously as a matter of law. Shortly thereafter Cutshall filed a petition requesting the Commission to reopen his case under C.R.S. 1963, 81-14-19, which provides:

"Commission *may* review on own motion — notice. — *Upon its own motion* on the ground of error, mistake or a change in condition, the commission . . . *may* review any award and on such review, *may* make an

award ending, diminishing, maintaining, or increasing compensation previously awarded . . . ." (Emphasis added.)

 The Commission refused to reopen the case and Cutshall thereupon filed a complaint in the district court alleging that the Commission had abused its discretion in refusing to reopen the case. The trial court, after hearing, set aside the order of the Commission and directed the Commission to adopt the original award of the referee finding that an accident had occurred. We reverse.

 C.R.S. 1963, 81-14-7 and 81-14-8 provide the machinery by which one may attack a final order of the Industrial Commission in a Workmen's Compensation case. Those sections provide that any action to set aside any finding, order, or award of the Commission must be brought within 20 days after the final finding, order or award entered by the Commission. By his failure to attack the award denying him compensation within 20 days, Cutshall lost his right to review and the order of the Commission became final for all purposes, unless reopened by the Commission on its own motion. *Industrial Comm. v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282; *Gadbois v. Allan,* 105 Colo. 19, 94 P.2d 688.

Having failed to pursue the statutory procedure for review of claimed error in law, Cutshall now seeks to invoke C.R.S. 1963, 81-14-19, to obtain the relief he should have sought by way of appeal from the original decision of the Commission, and, in effect, contends that whenever the Commission makes an error or mistake in the law, it must, under penalty of reversal by this Court, reopen a case long since final. Not so.

 C.R.S. 1963, 81-14-19 is, as we view it, a permissive statute. See *Mantor v. Industrial Comm.,* 89 Colo. 90, 299 P. 11. It permits, but does not require, the Commission to reopen a case upon certain grounds. The legislature could have required that the Commission

*shall* reopen a case if error, mistake, or change of condition were shown. It did not choose to do so and it is not within our power to rewrite the statute.

*Milka* and *Plummer, supra,* announced no change in law. They merely found that the Commission's interpretation of the word "accident" as used in the statutes was erroneous. Cutshall had the same opportunity as Milka and Plummer to review the original award of the Commission and receive the same relief they did. It would be strange indeed if Cutshall's very failure to use the statutory method of appealing the order denying him compensation and his resultant loss of right to appeal would entitle him now, as a matter of right, to have the order reviewed under 81-14-19. See *Vigil v. Industrial Comm.,* 160 Colo. 23, 413 P.2d 904. The trial court's reliance on *Industrial Comm. v. Mason,* 108 Colo. 345, 117 P.2d 821, was misplaced. That case deals with a situation where the award of the Commission was not yet final and was brought under C.R.S. 1963, 81-14-6, which is not the statute in question here.

■■ We have held many times that we will not interfere with the Commission's actions under C.R.S. 1963, 81-14-19 except in case of fraud or abuse of discretion. The fact that the Commission refused to reopen Cutshall's case to permit him to substitute action under C.R.S. 1963, 81-14-19 for the *right* to review granted him by 81-14-7, which he lost by inaction, does not in our view amount to an abuse of discretion.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the complaint.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE HODGES concur.