C. Edward BAILEY, Petitioner,

v.

LAKEWOOD FIRE PROTECTION DISTRICT, State Compensation Insurance Fund, and The Industrial Commission of Colorado, Respondents.

Delbert L. CAMPBELL, Petitioner,

v.

The CITY OF LITTLETON, State Compensation Insurance Fund, and The Industrial Commission of Colorado, Respondents.

Nos. 79CA0945, 80CA0060.

Colorado Court of Appeals,
Div. III.

July 10, 1980.

Rehearings Denied July 31, 1980.

Certiorari Denied Oct. 6, 1980 and Oct. 20, 1980.

George T. Ashen, John A. Steninger, Denver, for petitioner.

James A. May, Kathleen W. Robinson, Richard L. Susman, Denver, for respondents Lakewood Fire Protection Dist. and State Compensation Ins. Fund in No. 79CA0945.

John V. FitzSimons, William J. Baum, Denver, for respondents The City of Littleton and State Compensation Ins. Fund in No. 80CA0060.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondents Industrial Commission.

RULAND, Judge.

We have consolidated these two cases for purpose of a written opinion. The sole issue in each appeal is the correct interpretation of § 8–51–101(1)(d), C.R.S.1973, of the Workmen's Compensation Act, which provides for certain deductions when a claimant is entitled to both benefits under the Act and benefits from the disability provisions of his employer's pension plan. We concur with the interpretation of the Industrial Commission as contained in its final orders.

The relevant facts are not in dispute. Petitioner Edward Bailey was employed by the respondent Lakewood Fire Protection District in 1967. On December 30, 1976, Bailey sustained an injury to his right knee and low back arising out of his employment. It was subsequently determined that Bailey had sustained permanent partial disability in the amount of 16¼% as a working unit and that he was entitled to workmen's compensation benefits. Bailey also qualified for payments from the District's pension plan.

Pursuant to the pension plan in effect for the District, both Bailey and the District were making contributions to the plan at the time of his injury to the extent of 5% of Bailey's salary. The pension plan also derived income from investments and donations. In addition, contributions were made to the plan by the State of Colorado based upon the assessed valuation of the property protected by the fire district. The record reflects that the District contributed 37.42% of the assets of the plan. However, petitioner asserts that this calculation is not exact because it fails to take into account all of the investment income and donations.

Petitioner Delbert Campbell was a police patrol supervisor for the respondent City of Littleton. In the course of his employment, he also suffered leg and back injuries and was determined to be permanently partially disabled to the extent of 10% as a working unit. Like Bailey, Campbell was awarded both workmen's compensation benefits and payments from the City's pension plan.

The City contributed an amount equal to 5% of Campbell's salary to the pension plan, Campbell contributed 5% of his salary, and the State of Colorado contributed an amount equal to 2½% of Campbell's salary, thus making the City's contribution 40% of the total. In addition, the plan derived income from investments. However, no evidence was presented to establish the exact contribution by the City in relation to the total assets of the plan.

Both Bailey and Campbell were awarded benefits of $84 per week (approximately $364 per month) under the Workmen's Compensation Act. At present, Bailey receives $718 per month from the District's pension plan. Campbell's monthly benefits from the pension plan are $749 per month.

Section 8–51–101(1)(d), C.R.S. 1973, provides:

"In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension plan financed in whole or in part by the employer, hereinafter called 'employer pension plan', the aggregate benefits payable for temporary total disability, temporary partial disability, permanent partial disability, and permanent total disability pursuant to this section shall be reduced, but not below zero, by an amount equal as nearly as practical to such employer pension plan benefits, with the following limitations:

(I) Where the employee has contributed to the employer pension plan, benefits shall be reduced under this section only in an amount proportional to the employer's percentage of total contributions to the employer pension plan.

(II) Where the employer pension plan provides by its terms that benefits are precluded thereunder in whole or in part if benefits are awarded under articles 40 to 54 of this title, the reduction provided in this paragraph (d) shall not be applicable to the extent of the amount so precluded."

The Commission determined that the District's percentage of total contribution to Bailey's plan was 37.42%, calculated that 37.42% of $718 was $268.86 a month, or $62.04 a week, and ordered a reduction in the permanent partial disability payments due from respondents by that amount. It determined that the City's percentage of total contributions to Campbell's plan was 40% and ordered a similar reduction in his monthly permanent partial disability payments.

Bailey and Campbell both contend that the Commission erred in authorizing any deduction from their pension plan benefits because the District and the City failed to prove the exact percentage of their contributions to the pension plans. In the alternative, Bailey and Campbell contend that the Commission erred in calculating the reduction because it applied the percentage of the employer's contributions to the monthly pension plan payments. They urge that the percentage of the employer's contribution should be applied to the workmen's compensation benefits payable each month, with the result that in Bailey's case the deduction would only be 37.42% of $364, and in Campbell's case, 40% of $364. We conclude that the Commission properly interpreted the Act.

The parties agree that paragraph (d) and subparagraph (d)(I) of the above quoted statute must be construed together. *See People ex rel. Marks v. District Court,* 161 Colo. 14, 420 P.2d 236 (1966). While we recognize that the Workmen's Compensation Act must be liberally construed to accomplish its humanitarian purpose of assisting injured workers, *see, e. g., Union Carbide Corp. v. Industrial Commission,* 196 Colo. 56, 581 P.2d 734 (1978), nevertheless, where the language is clear and no absurdity is involved, a forced, strained, or unusual interpretation may not be resorted to in order to reach a result favorable to an employee. *See Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). Applying those principles here, we conclude that the plain meaning of the statute requires only that the deduction in benefits paid the claimant be an amount equal "as near as practical" to the employer's proportional contributions to the pension plan. Had the General Assembly intended to require that the precise rate of contributions be established, the phrase "as near as practical" would not have been included in the statute.

Further, paragraph (d) specifically provides that the "aggregate benefits" payable to the claimant for disability must be reduced by the amount of the pension plan benefits, subject to the limitations contained in subparagraph (d)(I). In constru-

ing the two provisions together, it is thus evident that the reduction in benefits must be calculated by applying the percentage of the employer's contributions to the monthly pension plan payments.

Orders affirmed.

ENOCH, C. J., and SMITH, J., concur.