Patsy EDLUND, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Colorado State University, and State Compensation Insurance Fund, Respondents.

No. 85CA0582.

Colorado Court of Appeals,
Div. I.

May 15, 1986.

Rehearing Denied June 26, 1986.

Certiorari Granted (Commission)
Sept. 29, 1986.

Law Offices of Daniel W. Dean, Daniel W. Dean, Fort Collins, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Richard G. Fisher, Jr., Denver, for respondent State Compensation Ins. Fund.

No Appearance for respondent Colorado State University.

BERMAN, Judge.

Claimant, Patsy Edlund, seeks review of the final order of the Industrial Commission (Commission) which reopened her workmen's compensation case and ordered that the full amount of claimant's Public Employees' Retirement Association (PERA) disability retirement benefits be used to offset the recovery of her permanent partial disability benefits. We affirm in part and set aside in part.

As a result of an industrial injury, claimant was awarded workmen's compensation disability benefits in the amount of $16,835 pursuant to a final order by the Commission. No appeal was taken from that decision by either party. When the employer and insurer failed to comply with the order, claimant sought enforcement of the award.

Acting on the claimant's petition for enforcement, the Division of Labor determined that "a good faith dispute exists between the parties as to the meaning of the Industrial Commission order," and that "since a remedy exists for the resolution of this good faith dispute under § 8–53–119, C.R.S., ... this claim should be reopened for the purpose of resolving this dispute."

The case was reopened and a hearing officer entered a supplemental order which interpreted the Commission's final order as awarding to claimant a permanent partial disability benefit of $10,813, which amount represented the total award of $16,835 reduced by the full amount of certain disability retirement benefits claimant had received from PERA. This petition for review ensued.

On review, claimant contends that: (1) it was error for the Commission to order the Division of Labor to reopen the case pursuant to § 8–53–119, C.R.S.; and (2) the Commission incorrectly applied the law by offsetting her workmen's compensation bene-

fits of 15% permanent partial disability by the full amount of her PERA disability retirement benefits.

### I. Authority to Reopen

■ Section 8–53–119, C.R.S., gives the director of the Division of Labor the authority to review and reopen any award on the grounds of "error, mistake, or change in condition." This power given to the director to review an award is discretionary, *Mantor v. Industrial Commission,* 89 Colo. 90, 299 P. 11 (1931), and this court may not interfere with the director's actions except in case of fraud or abuse of discretion. *Industrial Commission v. Cutshall,* 164 Colo. 240, 433 P.2d 765 (1967).

■ The word "mistake," as used in this section means any mistake, whether of law or fact. *Gregorich v. Industrial Commission,* 117 Colo. 423, 188 P.2d 886 (1948). In its original order, the Commission discusses in great detail why claimant's award is to be offset by claimant's PERA disability benefits. However, the order then states as follows:

"IT IS FURTHER ORDERED: that the claimant is entitled to $16,835 as compensation. . . ."

This sum, $16,835, is the amount that claimant would have been entitled to for permanent partial disability *if the offset had not been allowed.* In light of this ambiguity in the order, the director correctly determined that a "good faith dispute exists between the parties as to the meaning of the order," regarding the proper amount of benefits owed to claimant. And, he correctly reopened the case on the basis of this mistake. *See* § 8–53–119, C.R.S.

### II. Amount of Award

■ Claimant contends that the application of any offset of her permanent partial disability benefits by her PERA benefits was improper, or in the alternative, that an offset by the full amount of her PERA benefits was error.

Section 8–51–101(1)(d), C.R.S., states:

"In cases where it is determined that periodic disability benefits are payable to an employee under the provisions of a pension plan financed in whole or in part by the employer ... the aggregate benefits payable for permanent partial disability ... shall be reduced ... by an amount equal as nearly as practical to such employer pension plan benefits.

"(I) Where the employee has contributed to the employee pension plan, benefits shall be reduced under this section only in an amount proportional to the employer's percentage of total contribution to the employee pension plan."

The meaning of the statutory terms used are clear from a straightforward reading of the statute. *See State Compensation Insurance Fund v. Velasquez,* 628 P.2d 190 (Colo.App.1981). Aggregate means to unite into a sum. *Webster's Second New International Dictionary* 49. The term "aggregate benefits" must mean the sum total of the benefits payable for the claimant's permanent partial disability. *See Velasquez, supra; Thornton v. Teeter,* 37 Colo.App. 427, 548 P.2d 133 (1976). Claimant attempts to change the meaning of "aggregate" into a term designating a type of benefits, but the use of the word "aggregate" means only "total." Hence, an offset of the PERA benefits was mandated by the statute.

■ The next issue is how much of claimant's PERA benefits should be offset against the amount of her permanent partial disability benefits. We conclude that there should be an offset from PERA equal to the employer's percentage of contributions to claimant's PERA benefits to the extent of her permanent partial disability. Since the employer contributed on a matching basis to claimant's PERA benefits, 50% of her 15% or 7½% of her PERA benefits will be used to reduce the amount of her workmen's compensation permanent partial disability benefits.

The deduction in benefits paid to the claimant should be an amount as near as practical to the employer's proportional contributions to the pension plan. *Bailey v. Lakewood Fire Protection District,* 44 Colo.App. 463, 618 P.2d 716 (1980). A 100% offset from PERA would be incorrect and work a hardship upon claimant. That

would mean that all of her PERA benefits were intended to cover her permanent partial disability of 15%. Surely her PERA benefits are not so limited.

Further, § 8–51–101(1)(d), C.R.S., specifically provides that the "aggregate benefits" payable to the claimant for disability must be reduced by the amount of the pension plan benefits, subject to the limitations contained in subparagraph (d)(I). It is thus evident that the reduction in benefits must be calculated by applying the percentage of the employer's contributions to the monthly pension plan benefits. *See Bailey v. Lakewood Fire Protection District, supra.*

III. Arbitrary and Capricious

We have considered claimant's final contention that the Commission's decision is arbitrary and capricious and hold that this contention has no merit.

The order is affirmed insofar as it re-opened the claim for proper determination of claimant's benefits. The order is set aside insofar as it interpreted the statute to require a full offset of benefits. The cause is remanded with directions to award benefits consistent with this opinion.

PIERCE and TURSI, JJ., concur.