DOW CHEMICAL COMPANY; Rockwell International Corporation; and Travelers Insurance Company, Petitioners,

v.

Rosalynne Kae GABEL, Ronald E. Gabel, Brenda D. Gabel, and Nathan E. Gabel, as dependents of Donald M. Gabel, deceased; Robert Husson, as Director, Division of Labor, for Subsequent Injury Fund; and the Industrial Commission of the State of Colorado, Respondents.

Robert HUSSON as Director, Division of Labor, for Subsequent Injury Fund, Petitioner,

v.

Rosalynne Kae GABEL, Ronald E. Gabel, Brenda D. Gabel, and Nathan E. Gabel, as dependents of Donald M. Gabel, deceased; Dow Chemical Company; Rockwell International Corporation; Travelers Insurance Company, and the Industrial Commission of the State of Colorado, Respondents.

Rosalynne Kae GABEL, Petitioner,

v.

DOW CHEMICAL COMPANY; Rockwell International Corporation; Travelers Insurance Company; Robert Husson, Director, Division of Labor, for Subsequent Injury Fund; and the Industrial Commission of the State of Colorado, Respondents.

Nos. 86CA0430, 86CA0428, 86CA0421.

Colorado Court of Appeals, Div. I.

June 4, 1987.

Rehearings Denied July 9, 1987.

Certiorari Denied Nov. 30, 1987.

Martinez & Allman, Robert L. Allman, Larry R. Martinez, Denver, for Dow Chemical Co., Rockwell Intern. Corp. and Travelers Ins. Co.

Bruce H. DeBoskey, P.C., Bruce H. DeBoskey, Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, for Rosalynne Kae Gabel, Ronald E. Gabel, Brenda D. Gabel, and Nathan E. Gabel.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for Robert Husson, Director, Div. of Labor, for Subsequent Injury Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for Indus. Com'n.

VAN CISE, Judge.

Donald M. Gabel (Gabel) died of brain cancer at the age of 31 in September 1980 after being exposed to radioactive substances and materials for ten years while working at the Rocky Flats Nuclear Weapons Plant (Rocky Flats). In an order issued in March 1986, the Industrial Commission determined, among other things:

(1) that Gabel's dependents (his widow and children) were entitled to workmen's compensation benefits;

(2) that Gabel's exposure had occurred while employed by Dow Chemical Company (Dow) from 1970 to 1975 and by Rockwell International Corporation (Rockwell) from 1975 to 1980, and that, therefore, the liability of the last employer, Rockwell, or its insurance carrier, Travelers Insurance Company (Travelers), was limited, with all additional benefits to be paid out of the subsequent injury fund (SIF); and

(3) that, since Rosalynne Kae Gabel, Gabel's widow (claimant), had remarried in 1983, she was eligible to receive death benefits only for the period before her remarriage and she could not receive benefits for the period after the marriage to her second husband was dissolved in 1984.

Dow, Rockwell, and Travelers (collectively, employers) seek review of portion (1), Robert Husson, as director of the Division of Labor and on behalf of SIF, seeks review of portion (2), and claimant seeks review of portion (3) of the order. We affirm.

I. *Employers' Liability* (No. 86CA0430)

Two medical doctors testified to a reasonable degree of medical probability that Gabel's brain cancer was caused by his occupational exposure to radioactive substance and materials at Rocky Flats. Expert witnesses testifying for the employers concluded that the brain cancer was probably not caused by radiation. The hearing officer and the Commission resolved the

conflict in testimony by finding that Gabel had sustained an occupational disease, cancer, and that his death was caused by his exposure while employed at Rocky Flats.

### A.

Employers contend that the hearing officer and the Commission committed reversible error by prohibiting employers from presenting necessary and relevant evidence on federal radiation protection standards on the issue of causation. We disagree.

Contrary to the above contention, employers admit that they never offered the federal radiation and protection standards. Also, they admitted at the hearing that the atomic bomb survivor studies have no direct relevance to this case. Yet, despite the sustaining of an objection to questions on that subject, employers were allowed to present substantial and unlimited evidence concerning those and similar studies and evidence regarding the International Commission on Radiological Protection (ICRP) and its national counterpart (NCRP). Moreover, employers' experts did not rely on the standards in forming their opinions on the issue of causation in this case.

Error, if any, in the initial ruling was harmless.

### B.

■ Contrary to employers' contention, we conclude that the findings of fact are sufficient to permit appellate review. While some of the expert testimony was in conflict, those conflicts were resolved, the findings are supported by competent evidence and support the order, and the award is supported by applicable law. Accordingly, the order awarding death benefits is binding on review. *See* § 8–53–120, C.R.S. (1986 Repl. Vol. 3B).

### II. *Liability of SIF* (No. 86CA0428)

The hearing officer concluded that Rockwell's taking over operation of Rocky Flats from Dow in 1975 and assuming all of Dow's Rocky Flats employees and their employment records retroactive to their hiring dates meant that Gabel's injurious exposure in effect took place while employed by only one employer, Rockwell. Accordingly, the hearing officer dismissed SIF from the action.

On review, the Commission reversed this portion of the hearing officer's order. The Commission held that the hearing officer erred as a matter of law and ruled contrary to the weight of the evidence in concluding that Gabel had been employed by only one employer during the period of his exposure. It held Gabel was separately employed, first by Dow and then by Rockwell, thus imposing liability upon SIF pursuant to § 8–51–112(2), C.R.S. (1986 Repl.Vol. 3B). We agree with this holding.

Section 8–51–112(2), C.R.S. (1986 Repl. Vol. 3B) provides that:

"In any case where an employee of an employer becomes disabled from ... disease caused by exposure to radioactive materials ... or in the event death results ... and, if such employee has been injuriously exposed to such diseases while in the employ of another employer during his lifetime, the last employer or his insurance carrier, if any, shall be liable only for compensation and medical benefits ... up to the amount of ten thousand dollars ... additional benefits shall be paid out of the subsequent injury fund...."

Thus, under this provision, the liability here of SIF for payment of benefits turns on whether Gabel was employed by more than one employer in the course of his exposure to the radioactive materials.

The record reflects that Rocky Flats is owned and overseen by the United States government, but is operated by private companies contracting with the government. Dow was the operating contractor at the time Gabel went to work in 1970. In 1975, Rockwell became the operating contractor, and continued in that capacity through the date of Gabel's death.

When Rockwell took over operation of the facility, it assumed the employment of the work force and continued the employment records from Dow as if Rockwell had been the original employer. Gabel's job

duties did not change when the operating contractor changed.

■ While SIF argues that the functions and procedures of the facility remained substantially unchanged, we conclude the separate identities of the operating contractors support the finding that Gabel had been employed by two separate employers. There is no evidence that Rockwell merged with Dow when it became the operating contractor, nor that there was any continuity between the two companies other than the fact that they had both operated the same facility. *See Kentland-Elkhorn Coal Corp. v. Slone,* 599 S.W.2d 914 (Ky. 1980); *see generally* Annot., 34 A.L.R. 4th 958 (1984).

We conclude that the Commission's order is supported by substantial evidence and, accordingly, shall not be altered. Section 8-53-120, C.R.S. (1986 Repl.Vol. 3B).

III. *Termination of claimant's right to benefits* (No. 86CA0421)

Claimant was married to Gabel from March 1968 until the date of his death. Three children were born of the marriage. In 1983 she married another man. He did not adopt her children. Their marriage was dissolved in 1984. In the dissolution action, claimant did not seek maintenance.

### A.

Claimant contends the Commission erred in disallowing her death benefits for the period after her remarriage was dissolved. Because the subsequent marriage had been dissolved by the time the hearing officer and the Commission issued their orders, and she was then in essentially the same condition as she was before her 1983 marriage, claimant argues that her entitlement to death benefits should not have been terminated.

■ Section 8-50-106, C.R.S. (1986 Repl. Vol. 3B) provides: "Death benefits shall be paid to a dependent widow or widower for life or *until remarriage....*" (emphasis supplied) Contrary to claimant's contentions, the statute is not ambiguous. While we recognize that the Workmen's Compensation Act must be liberally construed to accomplish its humanitarian purpose, nevertheless, if the language is clear and no absurdity is involved, a forced, strained, or unusual interpretation may not be resorted to in order to reach a result favorable to an employee or his dependents. *Bailey v. Lakewood Fire Protection District,* 44 Colo.App. 463, 618 P.2d 716 (1980). The statute unequivocally operates to terminate receipt of death benefits by a surviving spouse when that spouse remarries.

### B.

■ Claimant further maintains that § 8-50-106, C.R.S. (1986 Repl.Vol. 3B) is unconstitutional on equal protection and due process grounds. Our supreme court has held that jurisdiction properly lies with this court to review Industrial Commission cases in which the constitutionality of a statute is in question. *See Meyer v. Industrial Commission,* 644 P.2d 46 (Colo.App. 1981). Therefore, we consider that issue.

■ Claimant notes that equal protection of the law requires that all persons who are similarly situated receive similar treatment under the law. She then argues that, by virtue of her divorce, she is in the same position as a dependent widow or widower, but she is receiving disparate treatment. This contention overlooks the fact that, in the eyes of the law, she differs from dependent widows or widowers who have not remarried.

The statute creates a reasonable classification and bears a rational relationship to a legitimate state objective, *i.e.,* to provide for a worker's dependent surviving spouse and dependent children deprived of support because of the worker's industrial accident or disease. In the event of remarriage, at least part of the burden of support shifts to the new spouse, and, consequently, the purpose of the act has been at least partially met. *Kohler v. Industrial Commission,* 555 P.2d 293 (Utah 1976). Thus, there is a rational basis for the distinction. We conclude that § 8-50-106, C.R.S. (1986 Repl. Vol. 3B) does not violate equal protection of the law.

We see no merit in claimant's assertions that the remarriage provision violates due process.

Order affirmed.

PIERCE and METZGER, JJ., concur.