Page 1182
802 P.2d 1182
ROCKWELL INTERNATIONAL and The Travelers Insurance Company,
Petitioners,
v.
Robert E. TURNBULL, Director, Department of Labor and
Employment, Division of Labor, State of Colorado,
and The Industrial Claim Appeals Office
of the State of Colorado, Respondents.
No. 89CA2053.
Colorado Court of Appeals,
Div. I.
Nov. 8, 1990.

Page 1183
        Blackman & Levine, Lawrence D. Blackman, Barbara S. Henk, Denver, for petitioners.
        Marvin Firestone, M.D. J.D. & Associates, P.C., Marvin Firestone, Boulder, for respondent Robert E. Turnbull.
        Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Department of Labor and Employment.
        Opinion by Judge PLANK.
        The petitioners, Rockwell International and Travelers Insurance Company, seek review of an order of the Industrial Claim Appeals Office (Panel) which determined that claimant, Robert E. Turnbull, sustained a compensable occupational disease as a result of toxic chemical exposure during the course of his employment. We affirm.
I.
        The petitioners argue that there is no competent evidence showing a causal connection between claimant's occupational exposure to toxic chemical substances and the development of his disease, degenerative dementia. We disagree.
        The claimant was not required to prove causation with mathematical certainty or beyond a reasonable doubt; rather, it was sufficient that he present facts and circumstances indicating to a reasonable probability that his disease was proximately caused by the conditions of his employment. See Climax Molybdenum Co. v. Industrial Commission, 146 Colo. 558, 362 P.2d 565 (1961).
        Expert testimony is neither necessary nor conclusive in determining causation. Savio House v. Dennis, 665 P.2d 141 (Colo.App.1983); see also Krumback v. Dow Chemical Co., 676 P.2d 1215 (Colo.App.1983) (expert evidence no longer required in occupational disease cases). However, if, as here, expert testimony is presented, the weight to be accorded to the testimony is a matter exclusively within the discretion of the Administrative Law Judge (ALJ) as fact-finder. See Gelco Courier v. Industrial Commission, 702 P.2d 295 (Colo.App.1985).
        The ALJ found that claimant was unable to determine accurately the chemical substances to which he had been exposed, or the extent of his exposure, in part, because the employer failed to provide information on industrial hygiene monitoring pertinent to his claim. In addition, by the employer's own admission, an investigation was never undertaken to determine whether the bacterial contamination of a metal coolant produced toxic by-products which could have caused the claimant's condition.
        Nevertheless, based on the testimony of claimant and numerous co-workers, including management level personnel, together with the medical reports of five physicians, various scientific articles, and the results of several neurological examinations performed by neurologists, psychiatrists, and clinical psychologists, the ALJ concluded that claimant's illness was caused by his exposure to a chemical solvent, 1,1,1-trichloroethane, "and other toxic chemical agents" in the claimant's work environment. The ALJ concluded that: "The weight of evidence from [scientific] journal articles, opinions of ... physicians, claimant's 

Page 1184
history, and expert opinions, is that there is no demonstrable other cause for claimant's syndrome aside from exposure during his employment for a number of years at Rocky Flats."
        Having reviewed the record, we are satisfied that the evidence as a whole supports the ALJ's determination and establishes to a reasonable probability that claimant has sustained an occupational disease within the meaning of § 8-40-201(14), C.R.S. (1990 Cum.Supp.). See IML Freight, Inc. v. Industrial Commission, 676 P.2d 1205 (Colo.App.1983).
        We specifically reject the petitioners' contention that the testimony of claimant's expert, Dr. Aldrich, has no evidentiary efficacy. Petitioners argue that Dr. Aldrich's testimony should be disregarded because he did not personally examine the claimant and because the record does not support his assumption that claimant was exposed to harmful quantities of chemical substances. We disagree.
        An expert witness may properly base his opinion upon information and data compiled by others and presented to the expert "at or before the hearing." CRE 703; see People v. District Court, 647 P.2d 1206 (Colo.1982).
        While Dr. Aldrich did not personally examine the claimant, he testified that he spent "considerable time" interviewing him, and that he reviewed medical records, reports, and correspondence, together with the depositions of claimant's treating and examining physicians. The record also reflects that Dr. Aldrich attended the depositions of six Rockwell International employees, including the company's medical director and the manager of industrial hygiene, at which time testimony was elicited regarding the claimant's exposure to solvents and other chemicals.
        Therefore, we conclude that the materials reviewed by Dr. Aldrich were sufficient to establish a foundation for his testimony. People v. District Court, supra.
        Nor do we agree that the record fails to support Dr. Aldrich's assumption that claimant was exposed to harmful quantities of toxic chemical substances, including perchloroethylene and 1,1,1-trichloroethane. This assumption is supported by the employer's acknowledgment that 1,1,1-trichloroethane was used daily in the area where claimant worked. In addition, claimant and a co-worker, both testified regarding workplace exposure to solvents prior to 1978, and to claimant's virtually "continuous" exposure to a "fog" of a refrigerative coolant that was sometimes rancid with bacterial contamination during his last year of employment. Contrary to the petitioner's suggestion, lay testimony is sufficient to support a determination of injurious exposure. See Climax Molybdenum Co. v. Industrial Commission, supra.
II.
        Petitioners next contend that the burden of proof was improperly placed upon them, citing the ALJ's finding that there is "no demonstrable other cause" for claimant's condition aside from his occupational exposure to chemical substances. We find no error.
        The Panel found, and we agree, that the ALJ's finding is a reflection of medical evidence that claimant's condition was determined based on a "diagnosis by exclusion," a method which Dr. Aldrich testified is a reliable and accepted diagnostic technique in the field of clinical toxicology.
        Moreover, although the claimant in a workers' compensation case has the initial burden of proving his entitlement to benefits, once the claimant has presented evidence sufficient to establish a prima facie case, the burden of going forward shifts to the employer and its insurer to rebut the claimant's evidence or to establish that the claim lacks merit. See Valley Tree Service v. Jimenez, 787 P.2d 658 (Colo.App.1990). As we read the finding in question, the ALJ determined that claimant had established a prima facie case of compensability and that no contrary evidence was presented. See Climax Molybdenum Co. v. Industrial Commission, supra; Industrial Commission v. Havens, 136 Colo. 111, 314 P.2d 698 (1957).

Page 1185
        The petitioners' remaining contention is without merit.
        Order affirmed.
        PIERCE and TURSI, JJ., concur.