Walter L. JOHNSON, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OF- FICE OF THE STATE OF COLORADO, Colorado Department of Social Services, Colorado Compensation Insurance Au- thority, and Subsequent Injury Fund, Respondents.

No. 97CA0413.

Colorado Court of Appeals, Div. I.

Oct. 2, 1997.

As Modified on Denial of Rehearing July 16, 1998.

Certiorari Denied March 29, 1999.

DiGiacomo & Jaggers, LLP, David R. Di-Giacomo, Gerald H. Jaggers, Douglas J. Perko, Arvada, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Michael J. Steiner, for Respondents Colorado Department of Social Services and Colorado Compensation Insurance Authority.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Michael P. Serruto, First Assistant Attorney General, Denver, for Respondent Subsequent Injury Fund.

Opinion by Judge METZGER.

Walter L. Johnson (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel), which determined that the Administrative Law Judge (ALJ) properly offset his permanent total disability benefits by 59.7% of the disability retirement benefits he receives from the Public Employees' Retirement Association (PERA). We affirm.

Claimant was awarded permanent total disability benefits as a result of a 1989 industrial injury. He also receives PERA disability retirement benefits. Therefore, the provisions of the 1989 version of the offset statute are applicable to his claim.

In cases in which a claimant is entitled to receive disability benefits under an employer-financed pension or disability plan, Colo. Sess. Laws 1988, ch. 49, § 8–51–101(1)(d)(I) at 378 (repealed and reenacted at § 8–42–103(1)(d)(I), C.R.S.1997) required the aggregate workers' compensation award to be reduced, but not below zero, by an amount "equal as nearly as practical to" the employer pension or disability benefit to which the claimant was entitled, with certain limitations. Under Colo. Sess. Laws 1988, ch. 49, § 8–51–101(1)(d)(I)(A) at 378 (repealed and reenacted at § 8–42–103(1)(d)(I)(A), C.R.S. 1997), "Where the employee has contributed to the employer pension or disability plan, benefits shall be reduced ... only in an amount proportional to the employer's percentage of *total contributions* to the employer pension or disability plan." (emphasis added)

The statute imposes no restrictions on the time or manner of contribution by the employer, but rather, considers only the employer's percentage of total contributions to the pension or disability plan. *Cf. Walker v. City & County of Denver*, 870 P.2d 1269 (Colo.App.1994). Use of the term "practical" shows that the ALJ is not required to determine the amount of the reduction with mathematical certainty. *See Bailey v. Lakewood Fire Protection District*, 44 Colo.App. 463, 618 P.2d 716 (1980).

I.

Claimant contends that the 59.7% offset is neither consistent with the law nor supported by the evidence. We disagree.

A.

■ Claimant first argues that calculation of the employer's contributions to PERA for the purpose of the offset should not include its contributions to the cost-of-living stabili-

zation fund or those for unfunded liabilities. We disagree.

The statute's requirement that a claimant's workers' compensation benefits be reduced is stated in precise language: an employee's total pension benefit, except that attributable to the employee's contributions to the plan, must be used to offset the workers' compensation benefits. *Industrial Commission v. Edlund*, 759 P.2d 7 (Colo.1988). Thus, the plain language of the statute requires that the offset be based upon the employer's "total contributions" and does not expressly exclude the employer's contributions for cost-of-living stabilization or for unfunded liabilities.

Here, the ALJ was persuaded by the testimony of employer's expert. That expert calculated employer's contributions by excluding the contributions that were paid by claimant. The expert also testified that PERA does not maintain separate accounts for unfunded liabilities, cost-of-living increases, or other costs, all of which are part of employer's total costs. Based on that testimony, the ALJ concluded that there was neither a basis in the statute nor a practical way to exclude unfunded liabilities or cost-of-living increases from the calculation. Since the record supports the ALJ's factual determination and since his application of the statute was correct, we find no error.

## B.

■ Claimant also argues that employer's contributions to PERA disability retirement should be distinguished from its contributions for service retirement. However, § 8–51–101(1)(d)(I) does not indicate a distinction between the employer's cost of providing disability retirement benefits and its cost of providing service retirement benefits. Furthermore, both experts testified that there are no separate disability retirement and service retirement pension funds and that both benefits are paid from one plan. Thus, we find no error in the ALJ's rejection of claimant's argument.

## C.

■ Claimant next argues the offset should not be taken until his entire member contribution is depleted. We are not persuaded.

A representative from PERA testified that, when a member retires, funds are transferred from the individual member's account to a reserve, which is used to pay benefits. He also testified that, even though benefits are paid first from the claimant's contributions and then from those of the employer, the claimant could no longer withdraw his contributions once he chose a disability retirement, unless certain unlikely conditions were met. Thus, the evidence supports the conclusion of the ALJ.

## D.

Claimant asserts that employer's expert's testimony was inconsistent and that his own expert's calculations of the offset should have been accepted. We disagree.

■ It is the ALJ's sole prerogative to evaluate the sufficiency, credibility, and probative value of conflicting evidence, including expert testimony. *Rockwell International v. Turnbull*, 802 P.2d 1182 (Colo.App.1990). This prerogative extends to resolving the inconsistencies in a particular witness' testimony. *See Colorado Springs Motors, Ltd. v. Industrial Commission*, 165 Colo. 504, 441 P.2d 21 (1968). We are bound by such credibility determinations unless it would be error as a matter of law to believe the testimony that was credited. *Halliburton Services v. Miller*, 720 P.2d 571 (Colo.1986).

Here, as we previously noted, the ALJ's findings are supported by substantial evidence. Accordingly, we cannot say as a matter of law that the ALJ erred in accepting one of employer's expert's calculations of the employer's total contributions to PERA or that he was required to accept the conflicting methodology employed by claimant's expert.

## II.

■ Finally, claimant asserts that the offset statute violates equal protection guarantees. Noting that under Colo. Sess. Laws 1989, ch. 67, § 8–51–101(1)(c)(IV) at 413, permanent total disability recipients who are

under age 45 at the time of injury and who receive social security benefits have an offset equal to 50% of their social security benefit, while PERA claimants under the age of 45 when injured have variable offsets, claimant reasons that the PERA offset constitutes a dissimilar treatment of similarly situated individuals.

The threshold question in an equal protection challenge is whether the legislation results in dissimilar treatment of similarly situated individuals. *Christie v. Coors Transportation Co.*, 933 P.2d 1330 (Colo. 1997). Here, however, claimant established that social security disability benefits are similar to PERA disability benefits or that the individuals receiving each type of benefits are similarly situated.

Consequently, claimant's argument must fail. *See also Culver v. Industrial Claim Appeals Office*, 952 P.2d 1200 (Colo.App. 1997), (cert. granted February 23, 1998) and *Stolworthy v. Clark*, 952 P. 2d 1198 (Colo. App.1997), (cert. granted February 23, 1998).

The order is affirmed.

Judge PLANK and Judge TAUBMAN concur.