**Frank ARENAS, Petitioner and Cross–Appellee,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Respondent,**

**and**

**Kent Enterprises d/b/a Kent Sheet Metal and Fremont Indemnity Insurance Company, Respondents and Cross–Appellants.**

No. 99CA1067.

Colorado Court of Appeals, Div. II.

March 16, 2000.

Rehearing Denied April 13, 2000.

Certiorari Denied Aug. 21, 2000.

The McDivitt Law Firm, P.C., Patrick J. McDivitt, Colorado Springs, Colorado for Petitioner and Cross–Appellee.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Carol Ann Finley, Colorado Springs, Colorado for Respondents and Cross–Appellants Kent Enterprises and Fremont Indemnity Insurance Company.

Opinion by Judge DAILEY.

In this workers' compensation case, Frank Arenas (claimant) petitions for review of a final order of the Industrial Claim Appeals Office (Panel) reducing his temporary disability benefits by the fifty percent penalty for intoxication. Kent Enterprises, doing business as Kent Sheet Metal, and its insurer, Fremont Indemnity Insurance Company (collectively employer), cross-petition for review of that portion of the Panel's order denying a retroactive reduction in benefits. We affirm the reduction of benefits, set aside that portion of the order denying the reduction retroactively, and remand for further proceedings.

Claimant suffered compensable injuries on October 31, 1997, when he fell from a ladder. During emergency treatment at a hospital, a blood sample was drawn. The toxicology report indicated a blood alcohol level of .104.

Employer filed a general admission of liability for temporary total disability benefits commencing November 1, 1997. In February 1998, employer filed a petition to modify claimant's temporary disability rate based on the toxicology report and the intoxication penalty then in effect. *See* Colo. Sess. Laws

1990, ch. 62, § 8–42–112(1)(c) at 495 (intoxication penalty now codified with changes at § 8–42–112.5, C.R.S.1999). When claimant objected, the Administrative Law Judge (ALJ) denied the petition, and employer applied for a hearing on the issue.

Crediting the toxicology report and the testimony of a forensic toxicologist, the ALJ determined that employer sustained its burden to establish the statutory presumption of intoxication and that claimant had failed to overcome the presumption. The ALJ also determined that even without the toxicology report, employer had sustained its burden to prove that claimant's injury was the result of intoxication. Therefore, the ALJ ordered a fifty percent reduction of claimant's temporary disability benefits.

The ALJ, however, denied employer's request to make the intoxication penalty retroactive to the date claimant commenced receiving compensation; instead, the ALJ ordered the penalty effective as of August 3, 1998, the date of the ALJ's summary order.

Both claimant and employer sought review. The Panel affirmed the ALJ's order in its entirety.

## I.

Claimant contends that employer failed to prove that the blood alcohol test was reliable, and therefore, employer is not entitled to the statutory presumption regarding intoxication and causation. Claimant asserts that the ALJ erroneously credited the toxicology report and the toxicologist's testimony. Claimant bases this assertion on the following grounds: (1) there is no evidence that the hospital laboratory was properly certified; (2) the report is a medical blood alcohol test rather than a forensic blood alcohol test; (3) the blood was drawn and tested incorrectly; and, (4) the test results cannot be verified for accuracy. We are not persuaded by claimant's arguments.

### A.

■ Section 8–42–112(1)(c) provided that compensation shall be reduced by fifty percent when:

[The injury] results from the intoxication of the employee. When an employee has a 0.10 or more grams of alcohol per one hundred milliliters of blood or 0.10 or more grams of alcohol per two hundred ten liters of breath as shown by chemical analysis, it shall be presumed that the employee was intoxicated and that the injury was due to such intoxication. This presumption may be overcome by clear and convincing evidence.

*See* Colo. Sess. Laws 1990, ch. 62, § 8–42–112(1)(c) at 495.

Under this prior version of the statute, entitlement to the presumption of intoxication and causation is not dependent upon the use of a forensic alcohol test performed by a certified laboratory. Nor does it require that the employee be granted an opportunity to verify the results for accuracy. Instead, these factors would come into play only in claimant's attempt to overcome the presumption by clear and convincing evidence.

■ Indeed, the current version of the statute has been expanded to provide for all those safeguards *before* the presumption applies. *See* § 8–42–112.5, C.R.S.1999. We note that when a statute is amended it is presumed that the legislature intended to change the law. *Robles v. People,* 811 P.2d 804 (Colo.1991); *see Mid–Century Insurance Co. v. Travelers Indemnity Co.,* 982 P.2d 310 (Colo.1999) (no presumption that the General Assembly makes its deletions and substitutions of statutory language idly). This presumption may be rebutted when arguably more specific sections are added to a general section because such legislative action may indicate the legislature's intention to clarify the existing statute. *Robles v. People, supra.* However, the former § 8–42–112(1)(c) contains no ambiguity, and thus there is no ambiguity to "clarify."

Therefore, the addition of provisions regarding the type of test, certification of the laboratory, and verification of results evidences an intent to change the law in effect at the time of claimant's injury. *See* § 2–4–208, C.R.S.1999. The General Assembly certainly knew how to add these provisions prior

to claimant's injury, as it had in other areas. *Cf.* § 8–73–108(5)(e)(IX.5), C.R.S.1999 (disqualification from receipt of unemployment benefits warranted where a separation from employment is due to presence of alcohol in an individual's system as evidenced by a test conducted by a licensed or certified facility). Accordingly, we will not infer the existence of such provisions in the prior version of the statute. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

■ Because it was not raised before the Panel, we decline to address claimant's additional argument that the blood alcohol level, rather than just the breath alcohol level, must be shown by chemical analysis. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986).

### B.

■ Having clarified the scope and application of the statute, we now turn to the question whether the evidence supports the ALJ's imposition of the fifty percent penalty for intoxication.

■ Whether an accident was caused by a claimant's intoxication is a question of fact for resolution by the ALJ, whose determination must be upheld if supported by substantial evidence and plausible inferences from circumstantial evidence. *Ackerman v. Hilton's Mechanical Men, Inc.,* 914 P.2d 524 (Colo.App.1996). Under this standard, we must defer to the ALJ's assessment of the sufficiency and probative weight of the evidence. *Rockwell International v. Turnbull,* 802 P.2d 1182 (Colo.App.1990). Further, we may not interfere with the ALJ's credibility determinations except in the extreme circumstance where the evidence credited is so overwhelmingly rebutted by hard, certain evidence that the ALJ would err as a matter of law in crediting it. *Halliburton Services v. Miller,* 720 P.2d 571 (Colo.1986); *Johnson v. Industrial Claim Appeals Office,* 973 P.2d 624 (Colo.App.1997). Claimant's arguments notwithstanding, we perceive no extreme circumstances here.

The ALJ found that claimant was injured between 3:30 and 3:45 p.m. The toxicologist testified that the blood sample was drawn at 4:15 p.m. Based on evidence that claimant's last alcohol consumption was at noon on the day of the injury, the toxicologist opined that claimant's alcohol absorption rate was on a downward cycle at the time of the injury. Furthermore, using a burn-off rate of .016 per hour, the toxicologist concluded that claimant consumed four to five beers at lunch and that his blood alcohol level was at least .104 at the time of the injury. The toxicologist also opined that claimant would experience a loss of balance at this blood alcohol level.

Claimant did not present any evidence to establish that his blood sample was contaminated, not properly drawn, not properly preserved, or that there was an unreasonable delay in testing the sample. Therefore, the toxicologist's testimony that these factors could affect the accuracy of a blood alcohol test does not compel a finding that the toxicology report is inaccurate. Nor did claimant present evidence that the hospital's margin of error was greater than that associated with blood testing procedures in general. Further, claimant did not present evidence that only "forensic blood alcohol tests" from "certified" testing labs produce accurate blood alcohol results.

Therefore, the toxicologist's testimony supports the ALJ's finding that claimant's blood alcohol rate was at least .100 at the time of the injury and that employer established the statutory presumption of intoxication. Under these circumstances, we cannot say the ALJ erred in crediting the toxicology report and that part of the toxicologist's testimony that was dependent on the report.

Moreover, there is substantial evidence to support the ALJ's finding that claimant failed to overcome the statutory presumption on the cause of the injury, and that employer proved that the injury was due to intoxication, even without the statutory presumption. This non-medical evidence included the testimony of claimant's co-workers as to the conditions of the ladder and surrounding area at the time of the fall, claimant's wife's testimony as to claimant's long-standing drinking habits, and claimant's testimony that he drank beer at lunch on the day of the accident.

This evidence is sufficient to support the ALJ's implicit inference that claimant was intoxicated at the time of the injury and that the intoxication caused him to fall resulting in injuries. *See Ackerman v. Hilton's Mechanical Men, Inc., supra.* Consequently, the Panel correctly determined that claimant is subject to a fifty percent penalty under § 8–42–112(1)(c).

## II.

Employer contends the ALJ erred in failing to grant the fifty percent penalty retroactively to the date of commencement of claimant's benefits. We agree.

At issue here is the tension between two competing considerations.

On the one hand, there is no requirement that employer admit liability for temporary disability benefits. Therefore, once an admission of liability is filed, the Workers' Compensation Act generally does not allow the admission to be retroactively withdrawn or revoked. *HLJ Management Group, Inc. v. Kim,* 804 P.2d 250 (Colo.App.1990) (granting only prospective relief from employer's improvidently filed admission on the issue of the average weekly wage).

On the other hand, the purpose of the penalty in § 8–42–112(1)(c) is to deter employee misconduct.

In our view, the policy of deterring employee misconduct can be more fully realized by imposing the penalty as of the date benefits commence for the injury caused by that misconduct. And, inasmuch as *HLJ Management* did not involve any fault of the claimant, we find it distinguishable from the present case. Because the provision of penalties as deterrents is not inconsistent with the general nonfault character of compensation law, we perceive no compelling reason to refrain from creating another exception to the general rule that the withdrawal of an admission of liability must be granted prospectively. *See Vargo v. Colorado Industrial Commission,* 626 P.2d 1164 (Colo.App.1981) (creating an exception so that admission of liability may be retroactively withdrawn where the claimant makes fraudulent misstatements regarding the specific injury for which benefits are claimed).

In creating this exception, we emphasize that even though the reduction may be imposed retroactively, safeguards remain to protect a claimant's right to benefits. An employer is required to continue payment pursuant to an admission of liability until a hearing is held to determine whether there is sufficient evidence to permit withdrawal of the admission, and may not unilaterally abrogate disability payments. *Snyder v. Industrial Claim Appeals Office,* 942 P.2d 1337 (Colo.App.1997).

In sum, we conclude that the Panel erred in refusing to grant a modification effective as of the date of commencement of claimant's benefits.

The order of the Panel is affirmed as to the reduction in benefits, set aside as to that portion of the order denying the reduction retroactively, and the cause is remanded for a new order imposing the reduction as of November 1, 1997.

Judge PLANK and Judge DAVIDSON concur.